# Court of Appeals.

January 19, 1897.

## PEOPLE v. HENRY WILSON.

1. EVIDENCE—BURGLARY—POSSESSION OF STOLEN PROPERTY.
   No presumption of guilt can be raised from the possession of stolen property, except where the possession is shown to be conscious and exclusive on the part of the defendant.

2. SAME.
   In the present case, the circumstances, as shown by the evidence for the prosecution, were held to be such as to fairly furnish to the jury an inference of a conscious and exclusive possession, which no evidence on the part of the defendant in the record goes to expel.

3. APPEAL—DEMURRER.
   Sections 517, 519 of the Criminal Code impose upon the supreme court the duty of reviewing the determination made upon the demurrer to an indictment.

4. SAME.
   Objection once taken by demurrer to the indictment need not be again raised in any form after the trial has been entered upon.

5. INDICTMENT—SEPARATE COUNTS.
   Separate counts charging the defendant with burglary, larceny and with receiving stolen goods, may be joined in the same indictment when they relate to the same transaction.

6. CRIMINAL LAW—PROCEDURE.
   The Penal Code and the Code of Criminal Procedure should not be deemed to have changed the rules, or the procedure, which previously existed, unless the language of their provisions clearly compels the court so to hold.

The defendant was convicted in the Court of General Sessions of the Peace in and for the City and County of New York of the crime of burglary in the second degree, as a second offense. The indictmint contained three counts. The first count, after alleging the previous conviction, charged the defendant with burglary in the first degree, second offense, in having forcibly entered the dwelling house of one Frances M. Barnes, in the nighttime, with intent to steal her property, and that he was assisted by a confederate, one William King. The second count charged the defen-

dant with grand larceny in the first degree, second offense, in having at the time and place designated in the first count, stolen jewelry and other personal property of Mrs. Barnes. The third count charged the defendant with criminally receiving stolen goods, as a second offense; being the same property described in the second count, and knowing the same to have been stolen. The conviction of the defendant was affirmed by the Appellate Division of the Supreme Court in the First Department, and from the judgment of affirmance the present appeal is taken.

Francis L. Wellman, for appellant.

John D. Lindsay, for respondent.

GRAY, J.—Aside from the reporter's memorandum at the foot of the opinion rendered in the Appellate Division , nothing in the appeal book shows whether the affirmance of the judgment upon the verdict was by a unanimous decision of the Court or not. But a consideration of the evidence satisfies us that it was sufficient to support the verdict of the jury, and the opinion, which was filed upon the affirmance in the Appellant Division, carefully and satisfactorily reviews all the material questions in the case, except one; to which reference will hereafter be made.

The opinion of the Court, with great elaboration and clearness, discusses the evidence which was relied upon to establish the guilt of the defendant and the questions of law which arose upon the rulings of the trial Judge. Upon the question of whether the evidence was such as to satisfy the requirement of the law, that the possession by the defendant of a portion of the stolen property was a conscious and an exclusive possession, the opinion states the true rule. A diamond which according to the evidence given by the prosecution, was one of the articles stolen from Mrs. Barnes' house, was found by a police officer in one of the bureau drawers in the bedroom of the defendant's apartment. The drawer contained only articles of man's attire, and the diamond was found in a small purse under a newspaper covering the bottom of the drawer. It is contended in behalf of the defendant that, as the defendant shared his apartment with two white women, that that fact militated against the inference of an exclusive possession by the defendant.

But the contention is without force, when we consider the circumstances connected with the place and mode of concealment of the stolen property; and, especially when we consider also the fact that when the defendant was arrested, he was in the company of the man charged to have been his confederate, and upon whose person another diamond, part of the stolen property, was found concealed. There was enough in the evidence to throw upon the defendant the burden of explaining to the jury the possession of the property, as the opinion below well held. The rule of law is well settled, that no presumption of guilt can be raised from the possession of stolen property, except where the possession is shown to be conscious and exclusive on the part of the defendant. This latter fact must be established; but, in the present case, the circumstances, as shown by the evidence for the prosecution, were such as to fairly furnish to the jury an inference of a conscious and exclusive possession,' which no evidence on the part of the defendant in this record goes to repel.

The important question in this case, which we are called upon to consider, arises upon the indictment. The defendant demurred to it, for charging, more than one crime, within the meaning of sections 278 and 279 of the Code of Criminal Procedure. The demurrer was disallowed and the defendant was required to plead. The Appellate Division refused to consider the objection to the indictment, upon the ground, as expressed in the opinion, that the objection was not taken at the trial, nor presented in such form as to enable it to be considered. In this the learned Justices below were mistaken and have failed to apprehend the force of those provisions of the Code of Criminal Procedure which bear upon the subject of an appeal from a judgment of conviction. Section 485 of that Code requires the clerk to annex to the judgment roll, upon a conviction, the indictment and a copy of the minutes of the pleading or demurrer. Section 517 provides that, upon the appeal which is allowed to the defendant to the Supreme Court from the judgment on a conviction, any actual decision of the Court in an intermediate order or proceeding forming a part of the judgment roll, as prescribed by section 485, may be reviewed. This provision imposes upon the Supreme Court the duty of reviewing the determination made upon the demurrer to the indict-

ment; and the same duty is imposed upon us by section 519; which provides for an appeal to this Court from a judgment of the Supreme Court, affirming the judgment of conviction. The Code of Criminal Procedure does not seem to require that the objection once taken by demurrer to the indictment should be also raised in some form after the trial has been entered upon. It was before the Supreme Court upon the defendant's appeal and as its judgment must be deemed to comprehend the review of the determination upon the demurrer, that question is also before us upon this appeal.

The question then is, whether this indictment was invalidated by reason of an improper joinder of crimes. Section 278 of the Code of Criminal Procedure provides that, "the indictment must charge but one crime and in one form, except as in the next section provided." The next section provides that, "where the acts complained of may constitute different crimes, such crimes may be charged in separate counts." In this indictment the defendant is charged in the first count with the crime of burglary, in forcibly entering the dwelling house of Mrs. Barnes, with intent to steal her property, assisted by a confederate. He is charged in the second count with grand larceny, committed at the same time and place, and in the third count he is charged with the crime of receiving the property described in the second count, knowing it to have been stolen. So far as the counts for burglary and for grand larceny are concerned, their joinder in the same indictment seems to be expressly authorized by section 506 of the Penal Code, which provides that "a person who, having entered a building under such circumstances as to constitute burglary in any degree, commits any crime therein; is punishable therefor, as well as for burglary; and may be prosecuted for each crime separately, or in the same indictment." That section contemplates a state of facts similar to those set fourth in this indictment; and section 279, obviously, must also have reference to a condition of things, where the evidence as to the defendant's acts may fail as proof of a forcible entry and be insufficient to establish the crime of burglary; but would be sufficient to establish the crime of grand larceny. Section 279 was evidently designed to meet the case of a felonious transaction, to which all the counts relate and where the evidence in-

troduced upon the trial will determine the nature and extent of the defendant's connection with it. The evidence might satisfy the jury that the defendat feloniously took away the property described in the indictment, and thus committed the larceny ; or, if it failed to establish that he actually took it, that there was such a conscious and exclusive possession of a part of the stolen property by him recently after the crime as, unexplained, to warrant them in convicting him of the larceny (Knickberbocker v. People, 43 N. Y., 177). If the evidence satisfies the jury that the larceny was committed by some other person than the defendant, and that some part of the stolen property was found in the defendant's conscious and exclusive possession, they might convict him of the crime of receiving stolen goods and acquit him of the crime of larceny (People v. Infield, 1 N. Y. Cr. R., 146). But we are not without precise authority that, so long as the counts relate to the same transaction, there can be no objection to their joinder in the same indictment, even though constituting offenses of different grades and calling for different punishments. That was precisely held in Hawker v. People ( 75 N. Y., 487), where Judge Earl remarked to the above effect and said : " Burglary and larceny ; rape and assault with intent to commit rape ; larceny and receiving stolen goods ; assault with intent to kill, and a simple assault, may be united, and it matters not that the offenses thus united, call for different punishments." The case of People v. Baker (3 Hill, 159), referred to by Judge Earl in his opinion, related to an indictment, which, like the present one, contained three counts ; one for burglary, one for grand larceny and one for receiving stolen goods. A motion by the defendant's counsel that the District Attorney be compelled to elect whether he would proceed upon the count for receiving stolen goods, or upon the other, was overruled, and upon appeal to the Supreme Court, it was held not to have been error. The Code of Criminal Procedure has effected no change in the common law practice, which permitted the joinder of courts for larceny and criminally receiving stolen goods. The practice was, undoubtedly, to allow it, as is evidenced by the case in Hill (*supra*), and as it was held in People v. Bruno (6 Parker's Cr. Rep. 657), a case decided at the Monroe General Term in September, 1865 ( see also Taylor v.

People, 12 Hun, at p. 215). The case of People v. Kerns ( 7 App. Div. 535 ), to which we have been cited, as holding a different view, concedes that the practice in criminal cases prior to the Code permitted the joinder in an indictment of a count for larceny with a count for receiving stolen property; but the opinion proceeds upon the theory that under the present Code the prohibition against charging more than one crime in the indictment has changed that practice and precludes such a joinder. Whether the learned Justices, whose opinion in the Kerns case in referred to, carefully considered the effect and office of section 279, we are not informed from the opinion and it is that section which, in our judgment, provides such an exception to the prohibitory provision of section 278, as to permit of the continuance of the former practice in cases where the counts relate to the same transaction. As it has been held by this Court, both with reference to the Penal Code and the Code of Criminal Procedure, these Codes should not be deemed to have changed the rules, or the procedure, which previously existed, unless the language of their provisions clearly compels us so to hold ( People v. Palmer, 109 N. Y., at p. 117 ; People v. Adler, 140 N. Y., at p. 335). The object of the enactment of the Code of Criminal Procedure was to simplify the procedure, in the indictment and trial of persons accused of crime, and to make it plain and intelligible to the ordinary mind. It sought to promote substantial justice by securing to the accused a fair trial. It is very plain that the rights of the prisoner might be prejudiced, if he was sent to trial charged with the commission of two or more crimes of a different nature and committed at different places ; but that same prejudice would not exist in a case like the present one, where the same transaction underlying the two counts, the evidence will show either that the defendant had no connection with it, as charged in the indictment, or that he is guilty, in one or the other manner, of having been a participant in the transaction. Within the provisions of section 279, the acts complained of and disclosed by the evidence may constitute the crime of larceny, or the crime of receiving stolen goods, knowing them to be stolen, as charged in the count for larceny. In England, where greater strictness always prevailed as to the joinder of different offenses, it was held lawful to join in the indictment a count for feloniously

stealing property with a count for feloniously receiving the same, or any part thereof, knowing it to have been stolen ( Reg. v. Beeton, 2 Car. & Kir., 959; and sec. 2 Russell on Crimes [4th ed. by Graves], pp. 542, 543, 544). In that treatise it is remarked ( p. 544) that "it was conceived that where, from the nature of the case, it appeared to be advisable, a count charging the party accused as receiver might be joined in the same indictment with a count charging him as the thief, and that he might be convicted upon such of the counts as was supported by the evidence." In vol. 12, Am. & Eng. Ency, of Law, p. 826, it is said : "Where there is a question whether the accused is guilty of theft or of feloniously receiving stolen property, two counts may be joined in the same indictment charging the different crimes, if they are founded upon the same transaction, " and reference is made to a number of authorities in the decisions of the Courts of different States. ( See to the same effect Wharton's Crim. Pl. & Pr., sec. 291.) There is no good reason for construing these provisions of the Code differently. Such was the previous practice ; such seems to be the intent of section 279, and justice does not demand otherwise, where the acts relate to the same property and the same evidence establishes the nature of the defendant's criminality.

The judgment appealed from should be affirmed.

All concur, except Bartlett, J., who dissents on the ground that counts for the crimes of burglary and receiving stolen goods cannot be joined in the same indictment, and also on the merits, and Martin, J., dissenting.