THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK GRALLERANZO, Appellant.

*Receiving stolen property — proof insufficient to sustain a conviction thereof — testimony required in support of the unsworn statement of a child under twelve years of age.*

Upon the trial under an indictment charging the defendant with having received three metal signs stolen by three boys, with knowledge that they were stolen, the youngest boy, who was under twelve years of age, made an unsworn statement that the signs after being stolen were purchased of them in the defendant's junk shop by the defendant's brother-in-law. It was not shown that the defendant was present when the purchase was made, but he subsequently came into the shop and gave the boys the amount which his brother-in-law had agreed to pay them. The defendant, who had previously borne a good character, testified that his brother-in-law directed him to pay the money to the boys, but that at the time he did not know that the property purchased consisted of signs, or that any of the property had been stolen.

*Held*, that there was not sufficient evidence, under section 392 of the Code of Criminal Procedure, in support of the boy's unsworn statement, to justify a conviction of the defendant;

That it was error for the court to refuse to charge that the evidence must not only tend to support, but "must support the story of the witness."

APPEAL by the defendant, Frank Gralleranzo, from a judgment of the Court of General Sessions of the Peace held in and for the city and county of New York in favor of the plaintiff, rendered on the 11th day of March, 1898, convicting him of the crime of receiving stolen property with knowledge that it was stolen, and also from an order denying the defendant's motion for a new trial.

*Stephen J. O'Hare*, for the appellant.

*Charles E. Le Barbier*, for the respondent.

McLAUGHLIN, J.:

The defendant was indicted, tried and convicted of having received stolen goods, knowing them to have been stolen. He was sentenced to be imprisoned in the penitentiary of the county of New York for the term of one year.

The goods which the defendant is charged with having received were three metal signs, which had been stolen by three boys, the youngest of whom was under twelve years of age.

Upon the trial the youngest boy was permitted to make an unsworn statement. The other two boys were neither sworn nor did they make an unsworn statement. From the unsworn statement it appeared that the signs, after they had been stolen, were taken to a "junk shop" of the defendant, and were there purchased from the boys by one Save, a brother-in-law of the defendant. It did not appear that the defendant was present when the purchase was made, or that he had any knowledge of it until after the transaction had been completed. It, however, did appear that he subsequently came into the shop and gave to the boys the amount which Save had agreed to pay them. It also appeared from the testimony given by the police officer who arrested the defendant that the defendant admitted he paid to the boys the amount which Save directed him to pay. The defendant was sworn in his own behalf, and testified that in his absence Save had charge of his business and was authorized to purchase property; that at the time in question Save directed him to pay to the boys the amount which he paid them, but he did not know at the time he made such payment that the property purchased consisted of signs or that any of the property purchased had been stolen. It was conceded by the learned district attorney that the defendant prior to this time had borne a good character. This is all the evidence there is in the record showing or tending to show that the defendant was guilty of the crime for which he has been convicted, and under such circumstances we do not think the conviction can stand. The least that can be said of it is that it rests upon the unsworn testimony of a boy under twelve years of age; and before a conviction can be permitted to stand upon unsworn testimony, it must, by express provision of statute, be supported by other evidence. (Code Crim. Proc. § 392.) This section of the Code provides that whenever in any criminal proceeding a child of the age of twelve years is offered as a witness, and does not, in the opinion of the court, understand the nature of an oath, the evidence of such child may, nevertheless, be received, though not given under oath, if, in the opinion of the court, such child is possessed of sufficient intelligence to justify the reception of the evidence, "but no person shall be held or convicted of an offense upon such testimony, unsup-

ported by other evidence." The fact that the signs were found in defendant's place of business was, in and of itself, insufficient to support the unsworn statement of the boy, inasmuch as "no presumption of guilt can be raised from the possession of stolen property, except where the possession is shown to be conscious and exclusive on the part of the defendant." (*People* v. *Wilson,* 151 N. Y. 403.) Neither of these facts were shown. It is true the defendant paid to the boys the purchase price agreed upon by Save, but this was insufficient to support the unsworn statement, inasmuch as there is nothing to show that the defendant, at the time he made such payment, knew that the same was for the signs or that they had been stolen. There was not, therefore, sufficient evidence to support the boy's unsworn statement to justify a conviction. We are also of the opinion that the judgment must be reversed because of an error in the charge. The counsel for the defendant requested the court to charge that before a conviction could be had the evidence not only must tend to support, but "must support the story of the witness." The court responded: "Further than I have charged on that question, I decline to charge," and the defendant excepted. The court had not charged the proposition requested, or anything equivalent to it, and the defendant was entitled, under the provisions of the Code cited, to have the jury instructed in the manner requested.

It follows that the judgment of conviction must be reversed and a new trial ordered.

VAN BRUNT, P. J., RUMSEY and INGRAHAM, JJ., concurred.

HATCH, J. (concurring):

I concur in the reversal of this judgment for errors in the court's charge to the jury.

The instructions to the jury upon the question of corroboration did not correctly state the law. The court said, among other things, "You will readily understand that they" (the authorities he had mentioned) "do not require that the evidence outside of the testimony requiring support shall establish the offense itself." This was excepted to, and the request made to charge that "the evidence must not only tend to support, but must support the story of the witness." This request was refused, and an exception was taken.

The request was then made to charge that " the evidence must support the act charged as a crime." The request was refused, and an exception duly taken to the original charge and the refusal to charge as requested.

The exceptions were well taken. The charge was in conflict with the rule laid down in *People* v. *Plath* (100 N. Y. 590) where it was held that corroborating proof must be given tending to establish the commission of a crime, and that it was perpetrated by the person accused before a conviction can be lawfully had.

Judgment reversed and new trial ordered.