### PEOPLE v. GRALLERANZO.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

**1. RECEIVING STOLEN GOODS—EVIDENCE—SUFFICIENCY.**

The unsworn testimony of a boy that certain stolen property was sold at accused's place of business, with other evidence that it was found there, cannot support a conviction for knowingly receiving the property, where the purchase was made by a clerk in accused's absence, and, though the latter paid for it at the clerk's direction, he did not know of what the property consisted, or that it had been stolen.

**2. SAME—INSTRUCTIONS.**
　　Where the prosecution relies on the unsworn statement of a boy, received under Code Cr. Proc. § 392, accused is entitled to an instruction that, before a conviction can be had, there must be other evidence to support the story of the boy. .

Appeal from court of general sessions, New York county.

Frank Gralleranzo was convicted of knowingly receiving stolen goods, and he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Stephen J. O'Hare, for appellant.
Charles E. Le Barbier, for respondent.

McLAUGHLIN, J. The defendant was indicted, tried, and convicted of having received stolen goods, knowing them to have been stolen. He was sentenced to be imprisoned in the penitentiary of the county of New York for the term of one year. The goods which the defendant is charged with having received were three metal signs which had been stolen by three boys, the youngest of whom was under 12 years of age. Upon the trial the youngest boy was permitted to make an unsworn statement. The other two boys were neither sworn, nor did they make an unsworn statement. From the unsworn statement it appeared that the signs, after they had been stolen, were taken to a junk shop of the defendant, and were there purchased from the boys by one Save, a brother-in-law of the defendant. It did not appear that the defendant was present when the purchase was made, or that he had any knowledge of it until after the transaction had been completed. It, however, did appear that he subsequently came into the shop, and gave to the boys the amount which Save had agreed to pay them. In also appeared from the testimony given by the police officer who arrested the defendant that the defendant admitted that he paid to the boys the amount which Save directed him to pay. The defendant was sworn in his own behalf, and testified that in his absence Save had charge of his business, and was authorized to purchase property; that, at the time in question, Save directed him to pay to the boys the amount which he paid them, but he did not know at the time he made such payment that the property purchased consisted of signs, or that any of the property purchased had been stolen. It was conceded by the learned district attorney that the defendant, prior to this time, had borne a good character. This is all the evidence there is in the record showing or tending to show that the defendant was guilty of the crime for which he has been convicted, and, under such circumstances, we do not think the conviction can stand. The least that can be said of it is that it rests upon the unsworn testimony of a boy under 12 years of age; and, before a conviction can be permitted to stand upon unsworn testimony, it must, by express provision of statute, be supported by other evidence. Section 392, Code Cr. Proc. This section of the Code provides that whenever, in any criminal proceeding, a child of the age of 12 years is offered as a witness, and does not, in the opinion of the court, understand the nature

of an oath, the evidence of such child may nevertheless be received, though not given under oath, if, in the opinion of the court, such child is possessed of sufficient intelligence to justify the reception of the evidence, "but no person shall be held or convicted of an offence upon such testimony, unsupported by other evidence." The fact that the signs were found in defendant's place of business was, in and of itself, insufficient to support the unsworn statement of the boy, inasmuch as "no presumption of guilt can be raised from the possession of property except where the possession is shown to be conscious and exclusive on the part of the defendant." People v. Wilson, 151 N. Y. 403, 45 N. E. 862. Neither of these facts was shown. It is true, the defendant paid to the boys the purchase price agreed upon by Save, but this was insufficient to support the unsworn statement, inasmuch as there is nothing to show that the defendant, at the time he made such payment, knew that the same was for the signs, or that they had been stolen. There was not, therefore, sufficient evidence to support the boy's unsworn statement to justify a conviction.

We are also of the opinion that the judgment must be reversed because of an error in the charge. The counsel for the defendant requested the court to charge that, before a conviction could be had, the evidence not only must tend to support, but "must support, the story of the witness." The court responded, "Further than I have charged on that question, I decline to charge," and the defendant excepted. The court had not charged the proposition requested, or anything equivalent to it; and the defendant was entitled, under the provisions of the Code cited, to have the jury instructed in the manner requested.

It follows that the judgment of conviction must be reversed, and a new trial ordered. All concur.

HATCH, J. (concurring). I concur in the reversal of this judgment, for errors in the court's charge to the jury. The instructions to the jury upon the question of corroboration did not correctly state the law. The court said, among other things, "You will readily understand that they [the authorities he had mentioned] do not require that the evidence outside the testimony requiring support shall establish the offense itself." This was excepted to, and the request made to charge that "the evidence must not only tend to support, but must support, the story of the witness." This request was refused, and an exception was taken. The request was then made to charge that "the evidence must support the act charged as a crime." This request was refused, and an exception duly taken to the original charge and the refusal to charge as requested. The exceptions were well taken. The charge was in conflict with the rule laid down in People v. Plath, 100 N. Y. 590, 3 N. E. 790, where it was held that corroborating proof must be given tending to establish the commission of a crime, and that it was perpetrated by the person accused, before a conviction can be lawfully had.