(121 App. Div. 692.)

PEOPLE v. KIPP.

(Supreme Court, Appellate Division, First Department. October 25, 1907.)

LARCENY—EVIDENCE—SUFFICIENCY.

Evidence *held* to sustain conviction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Larceny, §§ 149–178.]

Appeal from Court of General Sessions, New York County.

Charles Kipp and another were convicted of petit larceny, and Charles Kipp appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Henry Hardwicke, for appellant.

Robert S. Johnstone, Deputy Asst. Dist. Atty., for respondent.

INGRAHAM, J. The defendants Kipp and Feingold were tried together for petit larceny. The articles stolen were shoes, of the value of $23, that the owner had intrusted to a boy in its employ to deliver to customers. This boy testified that while in possession of the shoes, at the corner of Grand and Allen streets, in the city of New York, the defendant Feingold met the boy and asked him to go on an errand; that the boy left the bundle of shoes with another boy that was with him, and that when he came back from the errand the bundle of shoes was gone; that in this bundle there were 10 pairs of shoes, the property of William G. Smith & Co. The defendant Kipp was not present at the time. A police officer testified that he arrested the two defendants in a furnished room at 229 Chrystie street; that the two defendants had two pairs of the shoes in their possession; that he asked Feingold, in the presence of the defendant, where he got them, and Feingold said that Kipp told him he could get a cheap pair of shoes, and he went to Kipp's house to get them; that Kipp said that Feingold's statement was true.

Upon this evidence the court found both of the defendants guilty, and I think the evidence was sufficient to sustain the conviction. Kipp and Feingold together were in possession of stolen goods, and, when

Feingold said that Kipp told Feingold that he could get a cheap pair of shoes, went to the house in which they were arrested for that purpose, Kipp said that that was true.   From this the court was justified in finding that Kipp was in possession of the shoes and was a participant in the larceny.   The case is ruled by the cases of Knickerbocker v. People, 43 N. Y. 177, and People v. Wilson, 7 App. Div. 326, 40 N. Y. Supp. 107, affirmed in 151 N. Y. 403, 45 N. E. 862.

The judgment should therefore be affirmed.   All concur.