## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### May 23, 1919.

## THE PEOPLE v. JACOB SAUL.

### (188 App. Div. 25.)

(1.) RECEIVING STOLEN PROPERTY*—INDICTMENT CHARGING IN THREE COUNTS BURGLARY, LARCENY AND CRIMINALLY RECEIVING STOLEN GOODS— DENIAL OF MOTION TO DISMISS FIRST TWO COUNTS.

Where a defendant indicted on three counts for burglary, larceny and criminally receiving stolen goods, was found guilty under the third count, he cannot complain that the court did not grant his motion at the close of the People's case to dismiss the first two counts, as the jury did not convict thereon.

(2.) SAME—CROSS-EXAMINATION OF CHARACTER WITNESS.

Character witnesses who have testified to a defendant's favorable reputation may be asked on cross-examination if they had heard of rumors about the defendant and if so whether such rumors affected their previously-expressed opinion of defendant's good character.

(3.) SAME.

Where a defendant charged with receiving stolen goods in his direct examination stated that when first charged with the offense he had protested to the detectives that he never had any kind of stolen goods in his place, it was not error to permit him to be cross-examined on that subject.

(4.) SAME—EVIDENCE.

Evidence examined, and held, sufficient to sustain a conviction of the defendant of the crime of receiving stolen property in the first degree under section 1308 of the Penal Law.

APPEAL by the defendant, Jacob Saul, from a judgment of the County Court of Kings county, rendered against him on

---

* See notes, Vol. 12, p. 48; Vol. 24, p. 49.

the 31st day of May, 1918, convicting him of the crime of receiving stolen property in the first degree under section 1308 of the Penal Law.

An indeterminate sentence of from two and one-half to five years has been stayed under a certificate of reasonable doubt.

*Edward J. Rose,* for the appellant.

*Harry G. Anderson, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

PUTNAM, J.:

About one forty-five A. M. on Sunday, April 7, 1918, the store of Isidor Kochman at 93 Belmont avenue in Brownsville, Brooklyn, was found broken open and the contents of four shelves consisting of silk and satin piece goods of different kinds carried away, valued at $3,000. On the following Thursday, April eleventh, the brother of Isidor Kochman, with detectives, went to a store on Broome street, Manhattan, which was partly empty. There he identified two pieces of the missing silk. Afterwards that same day they visited the store of appellant Saul, at 142 Orchard street, Manhattan. Two more pieces were found in the main store and four other pieces on a couch covered with paper upstairs, in a living room, which sometimes had been used for keeping additional stock. The testimony to this identification, although the subject of a searching cross-examination, was unshaken.

It appeared that Saul and Jacob Hochman had previously rented, for three weeks, the vacant store 216 Broome street to contain unclaimed express packages purchased for resale, which had all been disposed of before the end of that hiring. Defendant Saul testified that on Friday, April fifth, one Cohen (whom he had first met as a peddler two or three weeks before) came

to his store and asked Saul to buy some merchandise, including silk remnants; that Saul had said he might buy the goods if brought to his Orchard street store; that on this Sunday morning, April seventh, Cohen had come and stated that the goods were at an address in East New York avenue. Saul forthwith went there with Cohen, where the merchandise was spread out on satchels, in one room of a private apartment. Saul testified that he bought it all for $340, and agreed to pay $100 cash. No bill or receipt was produced or was testified to have passed. The merchandise was then packed in bundles, and brought in a Packard car to the Broome street store, in which Saul, aided by the chauffeur, put the packages. Saul then paid the chauffeur $5, with $1 as a tip. Saul further explained that the two pieces which Kochman and the detectives found in this store had been left when they took the unsold goods to his Orchard street store. The chauffeur testified that when he started with these bundles he was told to drive "where the traffic ain't heavy," and when he was paid off, Saul told him "not to hang around there."

Hochman, jointly indicted with Saul, had kept a pushcart in front of Saul's store. He testified that he was present in the Broome street store when the detectives found the two silk remnants, when they arrested Hochman. Later, when Hochman was out on bail, that Saul had told him that he had bought the silk from thieves in Brownsville, and that they had taken it to defendant's store; that he had removed the silk to his Orchard street place by night, when the Broome street store was unlighted, so that he had overlooked the pieces of silk left there, which the police found; that the chauffeur had "squealed" on him. No evidence connected Hochman with this offense. Indeed, Saul testified that Hochman had nothing to do with it.

Saul proved by witnesses that Cohen had hired this apartment in East New York avenue in March, also Cohen's visit to Saul that Sunday morning. Apparently Cohen had disappeared.

There was no other evidence to identify the author of this burglary.

Saul was indicted on the three counts of burglary, larceny and of criminally receiving stolen goods. The verdict was guilty under the third count, of receiving stolen property in the first degree.

If the jury credited the People's testimony, their verdict was justified.

Appellant argues, however, that the court should have granted . his motion made at the close of the People's case, to dismiss the counts for burglary and larceny. Here, however, the recognized presumption from the posession of stolen goods within twelve hours after this burglary presented a question for the jury. (Knickerbocker v. People, 43 N. Y. 177; People v. Jackson, 182 id. 66, 78.) Such presumption from possession of the fruits of the crime not only goes to receiving the goods, but may extend to the original offense. (People v. Wilson, 151 N. Y. 403, 12 N. Y. Crim. 116.) As the jury did not convict on such other counts, the question of their submission becomes unimportant. (People v. Cummings, 209 N. Y. 283, 296, 30 N. Y. Crim. 330.)

Error is also assigned regarding the cross-examination of appellant's character witnesses. Having testified to Saul's favorable reputation, they could be asked if they had heard of rumors about him (People v. Jeffery, 82 Hun 409; People v. Laudiero, 192 N. Y. 304, 309), and if so whether such rumors affected their previously expressed opinion of defendant's good character.

The inquiry to Saul's character witnesses as to silk having before been retaken from Saul's store and delivered to the owner, was not the subject of any exception. Such incident elsewhere appeared in the course of the case. But the court carefully excluded the direct question whether Saul had agreed to such return of silk in consideration of not being prosecuted.

Though Hochman had been jointly indicted with Saul, the question whether, in view of the evidence exculpating him from participation, he should be deemed an accomplice, might have been left to the jury as a question of fact. But the learned court charged that Hochman was an accomplice, and stated that his evidence was insufficient, without corroboration, to convict. The testimony of the witness Raaps that Saul had left a bundle in her room just before the police came; the circumstance that when first accused Saul never mentioned this Cohen as his vendor, and was unable to tell from whom he got the goods; that he did not produce any bills or vouchers for such transaction, together with the haste and attempted secrecy of driving the car in streets to avoid heavy traffic, were all matters for the jury's consideration in weighing Saul's disclaimer of guilty knowledge. After the defendant in his direct examination had related that when first charged with the offense he had protested to the detectives that he never had any kind of stolen goods in his place, it was not error to permit him to be cross-examined on that subject. (People v. Barry, 132 App. Div. 231; affd., 196 N. Y. 507.)

A perusal of the record shows a fair trial in which the appellant has been ably defended. The rulings of the court as well as its charge to the jury were scrupulously impartial. No error appearing, I advise that this conviction be affirmed.

Jenks, P. J., Mills, Blackmar and Kelly, JJ., concurred.

Judgment of conviction of the County Court of Kings county affirmed.