THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EMANUEL AUSTER, Appellant.

First Department, February 3, 1928.

**Crimes — criminally receiving stolen property — evidence does not show exclusive and conscious possession by defendant — conviction reversed and indictment dismissed.·**

The evidence in this prosecution for criminally receiving stolen property was insufficient to justify the court in submitting the question of defendant's guilt to the jury and the conviction must be reversed and the indictment dismissed. The evidence fails to show exclusive and conscious possession on the part of the defendant.

APPEAL by the defendant from a judgment of the Court of General Sessions of the county of New York, rendered on the 6th day of April, 1927, and also from an order.

*Emil M. Haas* of counsel [*Cohen & Haas*, attorneys], for the appellant.

*Michael J. Driscoll, Deputy Assistant District Attorney*, of counsel [*Joab H. Banton, District Attorney*], for the respondent.

O'MALLEY, J.  The evidence was insufficient to warrant submission of the case to the jury, and the defendant was entitled to a direction of a verdict.  While a part of the stolen property, the proceeds of a burglary, was found in the rear room of a store where the defendant was employed as a clerk, there was no evidence to

show exclusive and conscious possession. (*People* v. *Wilson*, 151 N. Y. 403.)

The arresting officer entered the store about nine o'clock in the evening in pursuit of one of three boys whom he had arrested on the street and in whose possession he found some of the stolen pocketbooks. This boy was not seen to communicate with the defendant, who was behind the candy and soda counter. Instead, he threw a pocketbook which he had in his possession behind the telephone booth. The defendant appears to have had no knowledge of such act on the part of the boy and was not aware of the presence of the police officer until the boy was placed under arrest.

The rear room was entirely separate from the front of the store where the defendant was waiting on customers. It was separated therefrom by a wooden partition. There was an opening in this partition which led into the rear room. The stolen property was found in closed packages, with the exception of a small bundle tied with string, found on a window sill. After its discovery by the officer he questioned the defendant. The latter denied all knowledge of its presence. The defendant stated that he had only recently returned to work and had been in charge of the store for only about an hour before the officer entered. Prior to this time and between three o'clock in the afternoon and eight o'clock in the evening, the owner of the store, one Katz, had been in charge. The latter testified that when the packages, which were afterwards found to contain the stolen property, were brought in, the defendant was not present. Katz' testimony was to the effect that one Willie Feldman, who had on occasions prior to the day of the defendant's arrest, left packages in the store to be later called for, came into the store between seven-forty-five and eight o'clock in the evening and requested permission to leave the packages in question.

While the defendant admitted having been in the rear room after he returned to work, he denied having noticed the packages and denied any knowledge of their presence. The rear room was used for storage purposes, and according to the defendant's evidence, contained only cans of syrup.

The three boys arrested by the officer each testified on behalf of the defendant. They said they had purchased the pocketbooks found in their possession on the street from a man named " Willie." They in no way implicated the defendant.

Of course, under the facts here disclosed, there were suspicious circumstances. However, these circumstances point to persons other than the defendant. With respect to him there was insufficient evidence to warrant an inference that he was ever in possession

of the stolen property, or that he had knowledge of its presence on the premises.   We may add that the defendant, prior to his arrest, bore a good reputation and had no previous record of conviction.

It follows, therefore, that the judgment should be reversed and the indictment dismissed.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment reversed and indictment dismissed.   Settle order on notice.