KOBACKER FURNITURE COMPANY, INC., Plaintiff, *v.* BENJAMIN HUGGINS, Defendant.

Supreme Court, Special Term, Chemung County, September 25, 1936.

*Leroy Stein,* for the plaintiff.

*George A. King,* for the defendant.

PERSONIUS, J.   This is an action in replevin under an unrecorded conditional sales contract, copy of which is presented on this motion.   The property sold consisted of household furniture exempt under section 665 of the Civil Practice Act.   Though the answer denies the material allegations of the complaint, it also affirmatively alleges the purchase and does not claim it was not conditional or that the purchase price was fully paid.

For an affirmative defense, the answer alleges that the defendant filed a petition in involuntary bankruptcy, was adjudicated bankrupt and that among the assets listed was exempt household furniture, including the goods in question.   The defendant claimed this exemption and listed the plaintiff as a creditor in the amount here claimed.

In his opposing affidavit the defendant asserts that if the sale was conditional, the contract not being recorded, title to the goods passed to the trustee in bankruptcy.   This might be true of non-exempt property (*General Motors Acceptance Corp.* v. *Raz Delivery, Inc.,* 238 App. Div. 277), but it is not true of exempt property.   A trustee is vested with the title of the bankrupt " except in so far as it is to property which is exempt." (Bankruptcy Act, U. S. Code, tit. 11, § 110.)   " Under the various sections of the Bank-

ruptcy Act which refer to exemptions * * * the Supreme Court of the United States has held that the title to exempt property remains in the bankrupt, and does not pass to the trustee." (*Matter of Cunningham*, 15 F. [2d] 700, 701; *Matter of Firestone*, 2 Fed. Supp. 96; *Lockwood* v. *Exchange Bank*, 190 U. S. 294.) As between the parties, it is immaterial that the conditional sales contract was not recorded. The property being exempt, the trustee in bankruptcy took no title to or interest therein.

The motion must, therefore, be granted, with ten dollars costs.