THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH DI CARLO and JOHN TRONOLONE, Defendants.

Supreme Court, Erie County, December 31, 1936.

*Walter C. Newcomb, District Attorney [John T. Walsh, Assistant District Attorney, of counsel], for the plaintiff.*

*Knibloe & Lipsitz [John S. Knibloe of counsel], for the defendants.*

HARRIS, J. By indictment of the grand jury of Erie county the defendants herein are charged with the crime of assault in the second degree. Such indictment is in statutory form. The defendants now apply to this court for an order directing the district attorney of Erie county to furnish to the defendants the names of the witnesses who appeared or testified before the grand jury at the hearing which resulted in such indictment. As the reason for securing the names of such witnesses the defendants state that they desire to use such names in making an application for an inspection of the grand jury minutes on which such indictment was based, with the object of moving to dismiss the indictment herein.

By chapter 22 of the Laws of 1936 the Legislature enacted as follows:

" Section 1. Section two hundred and seventy-one of the Code of Criminal Procedure is hereby repealed.

" § 2. This act shall take effect immediately."

Prior to the effective date of such chapter 22 the said section 271 of the Code of Criminal Procedure read as follows: " § 271. Names of witnesses must be indorsed upon indictment. When an indictment is found the names of the witnesses examined before the grand jury, or whose depositions may have been read before them as provided in section 255, must be indorsed upon the indictment before it is presented to the court. If not so indorsed, the court must, upon the application of the defendant, at any time before the trial, direct the names of such witnesses as they appear upon the minutes of the grand jury, to be furnished to him forthwith."

This was a codification of the practice in existence before the enactment of the Code of Criminal Procedure. (*People* v. *Naughton,* 38 How. Pr. 430.)

Until the time of the enactment of chapter 22 of the Laws of 1936, to afford to the accused person an opportunity to ascertain whether or not the indictment was warranted in law, it was the policy of the State to require the district attorney to divulge to an accused the names of persons who were examined before the grand jury for the purpose of securing an indictment. The enactment of chapter 22 of the Laws of 1936 evidences a change of such policy. Although the journals of neither the State Senate nor the Assembly show the reason for the passage of the statute, it is but fair to assume that the enactment was due to a message of the Governor of the State of New York to the Legislature, delivered on January

7, 1936, in which the Governor spoke of the reluctance of witnesses to appear before the grand jury and at trials, and said: " We should undertake to modify our procedure so that the greatest assurance may be given to witnesses that if they assist the forces of law enforcement in combating crime, they will be reasonably protected." Such message undoubtedly was caused by public thought that persons accused of crime, if they had the names of witnesses appearing against them, would make efforts improperly to interfere with such witnesses.

The objective for which the defendants desire to use the names of the witnesses, i. e., to make a motion to inspect the grand jury minutes, is an objective often sought by those accused of crime, and represents a relief which the courts have been chary to give. The reasons for the reluctance of the courts to grant such relief are based upon a desire to prevent the dissemination of information of what happened before the grand jury in such a way as to impede the administration of justice. For a statement of such reasons see *Commonwealth* v. *Mead* (12 Gray, 167) and the very full discussion of such reasons as stated by KENEFICK, J., in *People* v. *Steinhardt* (47 Misc. 252). In cases where the defendants have no knowledge of what has or could have occurred before the grand jury, it sometimes becomes the duty of the court to grant motions to examine grand jury minutes. Although a motion of this nature should be granted if required in the interest of justice or to protect the constitutional rights of the defendant (*Matter of Baldwin*, 65 Misc. 153; *People* v. *Kresel*, 142 id. 88), such a motion should not be granted as a matter of course for the purpose of permitting a defendant to prepare his case on the merits. (*People* v. *Steinhardt*, *supra*.) In view of the holding in *People* v. *Giordano* (114 Misc. 62) to the effect that failure before trial to move to dismiss the indictment is a waiver of the right to make such motion, which failure cannot be remedied after trial, the right to inspect the minutes in a proper case is an important right to the defendant, because under our system of criminal jurisprudence a trial on a charge of felony can only be based on a legally found indictment. Sound discretion based on substance should guide the court in granting or denying a motion similar to that now under discussion. If the legal rights of the defendants are to be prejudiced by denial of such a motion, then the motion should be granted, but in view of the fact that the finding of an indictment carries with it the presumption that the same was legally found and is based upon sufficient evidence, the burden is on the defendant to show that his rights would be prejudiced by a denial of a motion to examine the grand jury minutes

or to be given the names of witnesses before the grand jury on his indictment.

With the foregoing in mind the court has examined the moving papers of the defendants, which consist of the affidavit of the counsel for the defense and an affidavit of each one of the defendants. In brief, outside of a recital of provisions of law such affidavits state (1) that the defendants had no preliminary hearing; (2) that the defendants did not commit the crime charged in the indictment; and (3) that the defendants do not know the names of the witnesses before the grand jury. There is no statement in such moving papers which affords any basis for a belief that the proceedings on which the indictments were based were defective, and no showing by the papers that the defendants had no knowledge nor means to secure knowledge of what occurred before the grand jury or who were witnesses before the grand jury other than on this motion.

This court is of the opinion that these papers fall far short of affording a reason to compel the district attorney to divulge the names of the witnesses before the grand jury. The lack of a preliminary examination is not sufficient basis for granting an inspection of the grand jury minutes (See *People* v. *Joslin*, 129 Misc. 790), and the statement of the defendants that they did not commit the crime charged includes simply a rehearsal of facts that put in issue the indictment itself. The recitals in the moving papers that the defendants did not have a preliminary examination and that they do not know the names of the witnesses sworn before the grand jury, and their contention that they did not commit the crime, do not supply to the court any reason on which the court can base the conclusion that the defendants had no knowledge of who were sworn or what occurred before the grand jury and no means of securing such knowledge other than by the granting of this motion. To the court's mind, the granting of this motion on the present showing would only tend to defeat the very object which apparently the Legislature had in mind when it enacted chapter 22 of the Laws of 1936. Therefore, the motion is denied.