THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WALTER BEYER, Defendant.

County Court, Lewis County, July 30, 1937.

*Dwight N. Dudo, District Attorney*, for the plaintiff.

*Milton Carter*, for the defendant.

MORAN, J.  The defendant was indicted by the grand jury of the county of Lewis on June 9, 1937, which indictment was removed from the Supreme Court to the County Court.  Said indictment contained two counts; the first count charged the defendant with violation of section 1868 of the Penal Law, constituting a misdemeanor; the second count of the indictment charged the defendant with violation of section 1826 of the Penal Law, which crime is a felony.

The indictment failed to have the names of the witnesses sworn before the grand jury indorsed upon the indictment.  The attorney for the defendant moves that the names of the witnesses sworn before the grand jury be furnished to the defendant.  The defendant, on his part, has filed a deposition stating that he is innocent of each and all of the charges contained in the indictment; stating

further that he has no knowledge as to the facts upon which the indictment is based or the names of the witnesses sworn before the grand jury, except the name of one witness. Former section 271 of the Code of Criminal Procedure directed that the district attorney cause the names of the witnesses sworn before the grand jury to be indorsed upon the indictment. Upon his failure to do this, provision was made in this section for an application to be made to the court, when the court could direct the names of the witnesses to be furnished to the defendant. By chapter 22 of the Laws of 1936, which became effective February 24, 1936, section 271 of the Code of Criminal Procedure was repealed.

The crime charged in the indictment occurred on or about the 1st day of May, 1936, so that section 271 was repealed prior to the date of the alleged crime. There appears to be no common-law rule compelling the names of the witnesses sworn before the grand jury to be furnished to the defendant or indorsed upon the indictment. It is true that section 271 has been part of the Criminal Code for a number of years. A similar provision to section 271 is in effect in a number of States of the Union; on the other hand, in other of the States no such statutory requirement is made. Our courts have gone to the point in saying that with this Code provision in effect an indictment which failed to have the names of the witnesses indorsed thereon was still good and that it was not subject to demurrer or dismissal.

I am unable to find any authority in this State, except such as is governed by provision of the Code. For that reason, it seems to be a matter entirely in the discretion of the Legislature. It is up to that body to make and provide laws. If in their discretion, having had the experience of the former section of the Criminal Code, it was deemed advisable by that body to repeal that section, it does not seem that this court should try to spell into the law the very object that the Legislature wiped out by their repeal.

It is true that a defendant might be put to inconvenience and might be innocent of a crime and not be able to know who is the accuser until the time of his trial. On the other hand, if the defendant is entitled to the names of the People's witnesses, when it is not called for by statute, is not he just as much entitled to the testimony taken before the grand jury? Judge HARRIS, in *People* v. *DiCarlo* (161 Misc. 484), says: " In cases where the defendants have no knowledge of what has or could have occurred before the grand jury, it sometimes becomes the duty of the court to grant motions to examine grand jury minutes. Although a motion of this nature should be granted if required in the interest of justice or to protect the constitutional rights of the defendant [citations], such a motion

should not be granted as a matter of course for the purpose of permitting a defendant to prepare his case on the merits."

It would seem to the writer that much the same reasoning should be used in the case at bar. The defendant in this case must be familiar with the facts sufficiently so that he should be able to prepare his defense. In an exceptional case it might be proper for a defendant to be furnished with the names of such witnesses, but in the face of recent action by the law-making body of this State in repealing former section 271 of the Code, I do not feel that injustice will be done this defendant by a refusal to grant his motion.

In this case the defendant's attorney has also moved for dismissal of the indictment upon the ground that the indictment charges two crimes.

As I stated before, the indictment contains two counts; one count of the indictment is for violation of section 1868 of the Penal Law, which constitutes a misdemeanor, and the other count of said indictment is for violation of section 1826 of the Penal Law, which constitutes a felony. Both counts of the indictment appear to arise out of the same transaction and have the root of their foundation from the same act.

Great stress is laid upon the fact that section 279 of the Code of Criminal Procedure is not broad enough to overcome the provisions of section 278 of the Code so as to allow the district attorney to charge in two separate counts these two crimes. The test seemed to be, prior to the recent amendment to section 279, are the crimes so separate and distinct and unrelated that the evidence in one crime would have no bearing on the evidence in the other crime. Where several offenses would be proved by substantially the same evidence connected with a single line of conduct growing out of what is essentially one transaction, it would appear that it is proper to join in the same indictment under separate counts two separate offenses, even though they constitute different crimes in degree and punishable by different means. As was said by the court in *People* v. *Wilson* (151 N. Y. 403, 408): "So long as the counts relate to the same transaction, there can be no objection to their joinder in the same indictment, even though constituting offenses of different grades and calling for different punishments."

This contention would further be borne out by the more recent case of *People* v. *Snyder* (241 N. Y. 81, 84), wherein the court said that "two separate crimes of larceny and burglary may be joined as two counts in one indictment [citation], yet they remain separate crimes, committed through different acts, subject to separate punishment."

The amendment of 1936 (Chap. 328) to section 279 of the Code leaves no doubt in the mind of the writer that the joinder of these two crimes in the same indictment under separate counts is a proper procedure. (*People ex rel. Pincus* v. *Adams*, 274 N. Y. 447.)

I, therefore, hold that the motion by defendant's attorney to compel the district attorney to furnish the names of witnesses sworn before the grand jury is denied; also, I deny the motion to dismiss the indictment on the ground that two separate crimes are alleged in the indictment.

The defendant's attorney further requests that the district attorney, in the event that the motion was denied, be compelled to select which count of the indictment he elects to try the defendant on. As this seems to be a discretionary matter with the court and one which in a case similar to the case at bar the district attorney might be unable to determine at this time which count of the indictment would be sustained by the facts, I decline the request to compel the district attorney to elect between the two counts of the indictment.