THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN M. MCCANN, ALBERT TASSIELLO and EDWARD SMITH, Defendants.

Court of General Sessions of County of New York, February 18, 1938.

*Thomas E. Dewey, District Attorney* [*Sewell T. Tyng, Assistant District Attorney,* of counsel], for the plaintiff.

*Alfred I. Rosner,* for the defendant Edward Smith.

FRESCHI, J.   The defendant Edward Smith makes a motion to inspect the proceedings of the grand jury upon which the indictment here was found.

Robbery in the first degree is charged.

The affidavit submitted deals with hearsay evidence concerning the identification of the defendant at the police line-up as one of the persons involved in the crime.   On this there is a disputed question of fact, which is purely a defense matter, and the court must not be left to speculate about whether this subject-matter was established before the grand jury.   Questions regarding the motive or absence of motive, as here claimed, are facts for a trial jury rather than for a court on this sort of a motion.

Many counsel for defendants have lately addressed similar motions to this court in cases where the papers failed to show grounds for granting an inspection of the minutes.   They content themselves with hearsay, opinions, comments and, in some instances,

with arguments and speculation as to what was or was not before the grand jury; and upon the hearing of such motions they ask for an examination of the minutes by the court to determine whether the indictment has a basis in fact — practically, asking the court to pass upon a motion, although not made, to dismiss the indictment. If this practice is encouraged, then every defendant would ask for a review of the evidence before the grand jury, in order to determine the sufficiency thereof and the validity of the indictment. I referred to this subject in *People* v. *Klinger* (165 Misc. 634). The evidence before the grand jury should not be divulged except where, in the sound discretion of the court, the application is predicated on facts proven and not on mere assumption of the subject-matter. If the court is going to assume authority in all cases, regardless of the sufficiency of the moving papers, then we would be establishing a practice of inquiring into the validity of all indictments, and the multiform situations thus presented would create an endless amount of work for the prosecuting authorities and the court with much incidental delay in the disposition of criminal cases. Courts should not act in these matters unless the moving party brings himself within the law. As a general policy, the court ought not to take cognizance of these applications unless the circumstances of the case show clearly a questionable indictment either on the law or the facts, and matters of defense ought not to be determined except upon a trial.

Inspection of grand jury minutes is not a matter of absolute right. (*People* v. *Joslin*, 129 Misc. 790.) There may, however, be considerations where the manifold demands of justice, in the light of special circumstances, make necessary an inspection of the grand jury minutes by the court to aid its conscience in determining whether an inspection by the defendant should be allowed. If, through lack of knowledge, the defendant cannot aver sufficient facts in his affidavit so as to warrant an inspection, motions of this character should be denied. Experiments and fishing excursions are not to be countenanced.

This motion is denied.