In the Matter of the Application of GEORGE W. MARTIN, for an Order Granting Permission to Inspect the Grand Jury Minutes in the Case of The People of the State of New York, Plaintiffs, against Louis Duke, Charlotte Fodor, Mary Corrigan and Olive Leonard, Defendants, Indictment No. 17,748.

County Court, Kings County, April 24, 1939.

*David F. Price* and *William W. Kleinman*, for the motion.

*John J. Bennett, Jr., Attorney-General [John Harlan Amen, Special Assistant Attorney-General,* of counsel], in opposition.

BRANCATO, J.   The petitioner above named moves this court for an order permitting him to inspect the minutes of the July, 1937, grand jury of this county which indicted one Louis Duke and others for the crime of abortion.   Shortly after the Duke indictment, the said petitioner, as a judge of this court, granted him an inspection of the grand jury minutes, and in October, 1937, upon motion regularly made by the said Duke, petitioner dismissed the said indictment against Duke and others on the grounds that the testimony adduced before the grand jury, as evidenced by the grand jury minutes, was not sufficient to warrant an indictment for the crime charged.

On April 10, 1939, the grand jury for the Extraordinary Term of the Special and Trial Term of the Supreme Court in and for the county of Kings indicted the petitioner, charging him with the crime of bribery and the crime of taking unlawful fees in violation of section 1826 of the Penal Law, in that the said petitioner did on and between July 29, 1937, and October 21, 1937, ask and receive the sum of $1,000 from the said Duke and others upon his promise

that he, the said petitioner, as a judge of this court, would dismiss the indictment as above set forth. Petitioner makes this motion, as alleged in the moving affidavit upon the grounds that the proper and adequate preparation of his case necessitates an inspection of the grand jury minutes upon which the abortion indictment of Duke and others was found. This motion is opposed by the Attorney-General through his special assistant who states that " the People cannot consent to this application for the reason that such consent might establish a precedent detrimental to their welfare."

This motion must be denied.

It has always been the policy of the law that grand jury proceedings be held secret and that the minutes thereof be not revealed. Grand jury minutes are available only to the court, the district attorney and such persons to whom the court may grant permission to inspect them upon notice to and after hearing the district attorney. (Code Crim. Proc. § 952-t; *People ex rel. Hirschberg* v. *Supreme Court,* 269 N. Y. 392.) The purpose of permitting an inspection of grand jury minutes is to enable the defendant to move for a dismissal of his indictment if found against him in violation of law (*People* v. *Glen,* 173 N. Y. 395; *People* v. *Sexton,* 187 id. 495; *Matter of Montgomery,* 126 App. Div. 72; *People* v. *Pirie,* 126 Misc. 254; *People* v. *Steinhardt,* 47 id. 252), and the rule adopted by the courts is almost universal not to grant an inspection except to a defendant named in the minutes sought to be inspected *and* for the reason above stated. A motion of this kind is not intended as a discovery proceeding even by a defendant, in preparation for trial, either civil or criminal, in which the defendant is involved (*Mann* v. *Delaware, L. & W. R. R. Co.,* 99 Misc. 358; affd., 177 App. Div. 952; *People* v. *Pirie, supra; Matter of Baldwin,* 65 Misc. 153), unless, for special reasons shown by the defendant, a denial of an inspection of the grand jury minutes would amount to a denial of a fair opportunity to prepare his defense. (*People* v. *Kresel,* 142 Misc. 88.)

We have been referred to the case of *Matter of Attorney-General of United States* (160 Misc. 532) and the cases therein collected by one of the judges of this court as authority for the contention advanced by the petitioner, that individuals, other than the defendants involved, have been permitted to inspect grand jury minutes by order of the court. It is to be noted, however, that in all of those cases the courts acted with the consent of the district attorney and, as stated by Judge FITZGERALD in *Matter of Attorney-General of the United States (supra),* no private interest was sought to be served and the information desired by the inspection was not'

intended to aid a private litigant. The underlying principle enunciated and upon which those decisions are based is one of public policy requiring the courts to co-operate with public officials intrusted with the administration of our criminal laws rather than to deter these agencies in the exercise of their official public duties. It is not difficult to understand how a commissioner of the Governor appointed to investigate crime, the police commissioner of the city of New York, and the United States Attorney-General, the petitioners in the cases above cited, in special instances might be effectively aided by an inspection of grand jury minutes in their respective duties as law enforcement officials.

The petitioner herein does not come within the scope of the general principle or the exception thereto, above set forth. He seeks, by this motion, permission to inspect grand jury minutes in which he is not named as a party defendant and which are not intended as a basis for a motion to dismiss his own indictment upon the ground that it was found by the grand jury in violation of law. We have found no authorities nor have we been referred to any case which supports his contention.

Counsel for petitioner stresses the argument that since the defendant Duke in July, 1937, obtained an inspection of the grand jury minutes in question and thereafter these minutes were made the basis of an order dismissing his indictment, the seal of secrecy affixed by section 952-t of the Code of Criminal Procedure has been broken and the said minutes are, therefore, now open to public inspection.

This conclusion does not seem unreasonable and in a proper motion or proceeding it would probably be judiciously approved. While grand jury minutes " form no part of the indictment, * * * in proper case, they may be used as evidence upon an attack directed against the indictment " (*People ex rel. Hirschberg* v. *Supreme Court, supra*), and, hence, when used as a basis for an order dismissing an indictment, it seems that they should be regularly filed with the order of dismissal and thus be free for public inspection.

But be that as it may, an order of this court issued pursuant to the provisions of section 952-t of the Code of Criminal Procedure, as herein requested, under the circumstances above described, would be but an idle gesture and unauthorized by the statute which warrants the issuance of such order only when the official having custody of the grand jury minutes is forbidden to permit " any other person to take a copy of same." The district attorney as such custodian is amenable to the order of the court in this motion only so long as the minutes in question are deemed secret.

The fact, therefore, that these minutes have been divested of their secrecy, as it is claimed, disarms this court of the authority conferred upon it by section 952-t of the Code of Criminal Procedure.

We are not unmindful that a motion to inspect under the provisions of section 952-t of the Code of Criminal Procedure is addressed to the discretion of the court and its decision is not appealable. (*People* v. *Sweeney*, 213 N. Y. 37; *Matter of Montgomery, supra.*) Before the court can, however, exercise its discretion, there must be a substantial basis shown by the defendant for the court to allow the inspection. (*People* v. *Muhlstein*, 153 N. Y. Supp. 909; *Mann* v. *Delaware, L. & W. R. R. Co., supra.*) Judicial discretion is not a mere arbitrary rule which confers upon a judge the right to blindly make a judicial determination nor is it a palliation for capricious discrimination. It is, in a measure, regulated by precedent and hence, while the provisions of section 952-t of the Code of Criminal Procedure are not mandatory, we may not indiscriminately permit any private litigant to inspect grand jury minutes without frustrating the very purpose for which the statute was enacted. Sound discretion impels that we regard the policy which the courts have generally adopted when applying this statute and in the light of the authorities we see no reason to except the present application from the well-established practice.

Motion denied. Submit order.