THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* NATIONWIDE NEWS SERVICE, INC.; and Others, Defendants.

Supreme Court, Niagara County, December 7, 1939.

*Joseph Ambrusko, District Attorney* [*Jack W. Hackett* of counsel], for the plaintiff.

*Guy B. Moore,* for the defendants Nationwide News Service, Inc., Seaboard News Service, Inc., and John N. Barber.

*Earl W. Brydges,* for the defendants George L. Hardy and Robert Hardy.

*Ira Hovey,* for the defendants Joseph Goldstein, Joseph Micole and Emanuel B. Naftal.

*William L. Hunt,* for the defendants Adam W. Rodell, Samuel P. Battaglia, William J. Downey and Daniel Donovan.

*Joseph Gerbasi,* for the defendant George A. McKnight.

*George Donahue,* for the defendant Max Schiller.

CREGG, J.   Upon the arraignment of the above-named defendants their respective attorneys all made motions for an order directing the district attorney to furnish the defendants with the names of the witnesses sworn before the grand jury.   They rely upon the moving papers, arguments and the briefs submitted by Guy B. Moore in support of their motions.   The defendants Nationwide News Service, Inc., Seaboard News Service, Inc., John N. Barber, in their moving papers set forth that the defendants did not have a preliminary hearing before the indictment; that they have not the names of any of the witnesses who appeared before the grand jury except one Frank B. Ingram, who is an accomplice and whose testimony must be corroborated before a conviction can be secured.

They also set forth that they are informed and verily believe that no such corroborative testimony exists; that it is necessary to have the names of the witnesses in order to properly prepare for trial and upon which to base a motion to dismiss the indictment, if no such corroboration exists; that a demand was made for the names of such witnesses and refused. None of these allegations are denied by the People.

Section 271 of the Code of Criminal Procedure was enacted in 1881. That section compelled the district attorney to place the names of all witnesses sworn before the grand jury upon the indictment.

Under the common law and before that section was enacted the district attorney was usually compelled upon motion to furnish the defendant with the names of the witnesses sworn before the grand jury, if, in the judgment of the court, they were necessary for the defendant to properly prepare for trial and possible as the basis of a motion to dismiss the indictment upon information which he, defendant, might secure from such witnesses. (*People* v. *Naughton*, 38 How. Pr. 430, 438; *Commonwealth* v. *Knapp*, 9 Pick. [Mass.] 496; *Commonwealth* v. *Locke*, 14 id. 485; *Regina* v. *Lacey*, 3 Cox's Cr. Cas. 517.)

Section 271 of the Code of Criminal Procedure was repealed in 1936 (Laws of 1936, chap. 22). In repealing that section, however, the Legislature did not explicitly and clearly indicate its intention to change the common law. All that the Legislature did was to relieve the district attorney from placing the names of the witnesses upon the indictment. It did not forbid him from disclosing such names on order of the court. If it did, such enactment might be unconstitutional. It is the general rule that an intention to change the common law will not be presumed from doubtful statutory provisions. (*Jones* v. *City of Albany*, 151 N. Y. 223, 228.) In my judgment, the repeal of section 271 of the Code of Criminal Procedure did not abolish the common-law right of defendant to the names of the witnesses upon good cause shown.

Under our system of jurisprudence the accused is entitled to a fair and impartial trial. He is entitled to know the exact time and place of the commission of the crime charged. A fair and impartial trial means that no undue advantage shall be taken by the district attorney or any one else. It is as much the duty of the People to protect the liberty of the innocent as it is to punish the guilty. The People should place no obstacle in the way of the accused receiving a fair trial unless they are interested in convicting the accused upon the testimony of untrustworthy witnesses. (*People* v. *Walsh*, 262 N. Y. 140, 150.)

The facts in *People* v. *DiCarlo* (161 Misc. 484) are much different from the facts in the instant case. The decision therein does not apply here.

I cannot see how it would prejudice the trial of the People's case in this instance to permit the defendants to know the names of the witnesses sworn before the grand jury. In my opinion, the moving papers set forth sufficient reasons for directing the district attorney to furnish the defendants with the names of the witnesses sworn before the grand jury.

Order may be entered accordingly.