THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ARTHUR R. DALLY, Defendant.

Supreme Court, Extraordinary Term, Orange County, August 14, 1940.

*Edward G. O' Neill, Assistant Attorney-General,* for the plaintiff.

*Wiggins, Faulkner & Arfmann,* for the defendant.

PERSONIUS, J. The defendant avers that if the offenses alleged in the indictments were committed the persons whom he is informed appeared as witnesses before the grand jury were accomplices and that no corroborative testimony exists. In other words, the defendant avers that the indictments were found on the testimony of accomplices only, and that he desires the names of the witnesses for the purpose of making an application for the inspection of the grand jury minutes with the object of moving to dismiss the indictments on the ground that the only witnesses who appeared before the grand jury were accomplices.

Notwithstanding the holding of *People* v. *Carver* (173 Misc. 71), *People* v. *Fagan* (163 id. 495, 496), *People ex rel. Giallarenzi* v. *Munro* (150 id. 41, 42, 43) and *People ex rel. Rao* v. *Warden* (170 id. 834, 836, 837), we hold that corroboration of an accomplice or accomplices is necessary to the finding of a valid indictment by a grand jury, and that in the absence of corroboration the indictment may be set aside. (Code Crim. Proc. § 258; Spellman's Criminal Code, 280, and cases cited; *People* v. *Sweeney,* 213 N. Y. 37, 42; *People* v. *Nicosia,* 164 Misc. 152, 154, 158.) In *People* v. *Sweeney* (*supra*) the court, referring to section 258, said (p. 42): " If the only testimony before the grand jury is the testimony of accomplices, it cannot be said to be sufficient * * * to warrant a conviction by the trial jury." (Code Crim. Proc. § 399.) This statement was dictum, but we think it is sound.

By two indictments containing many counts, the defendant, who was connected with the Orange county highway department, is charged with consenting and conniving at the audit and payment of false claims for work and services rendered to the county department of highways, and thereby, and by other means, wrongfully obtaining, receiving, etc., the moneys of said county, to wit, the moneys paid on said claims. Each count is substantially the same except as to the date and amount of the claim.

The indictments and moving papers list eight individuals as having presented such false claims. The moving papers further aver that if said persons submitted claims which the defendant knew were false the said claimants were accomplices; that to support an indictment their testimony must have been corroborated; that the defendant is informed and believes that no such corrobora-

tive testimony exists; that he has interviewed said eight persons, and that from their statements and from the defendant's personal knowledge no corroborative testimony could have been given by said persons.

The defendant further alleges that he has been informed that other persons appeared before the grand jury and that it is necessary to have their names " in order to properly prepare for trial, and upon which to make a motion to dismiss the indictments if no such corroboration " was given before the grand jury.

Former section 271 of the Code of Criminal Procedure required every indictment to have indorsed thereon the names of the witnesses appearing before the grand jury. It was repealed in 1936. The defendant argues that said section was a mere codification of the common law (*People* v. *Nationwide News Service, Inc.*, 172 Misc. 752), and that the repeal of the section restored the common law. In *People* v. *Beyer* (163 Misc. 890, 892) the court said: " There appears to be no common-law rule compelling the names of the witnesses * * * to be furnished to the defendant or indorsed upon the indictment." Whether it was common law or a common-law practice, the Legislature, by repealing section 271 of the Code of Criminal Procedure, indicated " a change of such policy," an intent to eliminate the requirement that the names of witnesses be indorsed, and to establish the practice of omitting them. (*People* v. *DiCarlo*, 161 Misc. 484, 485; *People* v. *Beyer*, *supra*.) Of course, a defendant is not required or expected to divulge the names .of his witnesses. Apparently the Legislature felt that in fairness the prosecution should not be required to disclose the names of its witnesses unless the court in its discretion so ordered. We hold that, since the repeal of said section, the district attorney is no longer *compelled* to furnish the names of his. witnesses before the grand jury, but that the court in its discretion may still require him to do so.

This motion for the names of witnesses for the purpose of making a motion to dismiss the indictments is quite similar to a motion for the inspection of the grand jury minutes for the same purpose. It should, therefore, be determined on the same principles and under the same rules as a motion to inspect the minutes.

The burden is on the defendant to show *facts* entitling him to relief, and " If, through lack of knowledge, the defendant cannot aver sufficient facts in his affidavit so as to warrant an inspection, motions of this character should be denied." (*People* v. *McCann*, 166 Misc. 269, 270.)

In *People* v. *Sweeney* (*supra*, p. 44) the court also said: " The presumption is that an indictment is based upon legal and suffi-

cient evidence *until there is satisfactory proof to the contrary.*"
(Italics supplied.) Again (p. 45), in referring to *People* v. *Glen*
(173 N. Y. 395), the court said: "The court did not say and it
does not mean to hold that an indictment should be set aside
when it is found * * * on motion that the witnesses sworn
before the grand jury were in fact accomplices, without showing
that it so appeared to the grand jury, and it also appeared *that
there was no corroborative testimony before such jury.*" (Italics
supplied.)

In *People* v. *Glen* (*supra,* p. 403) the court said: "An indictment
is a record of the court which imports absolute verity until properly
impeached. * * * The presumption is that an indictment is
based upon legal and sufficient evidence *until there is satisfactory
proof to the contrary.*" (Italics supplied.)

The defendant avers that from his interviews with the witnesses
known to him and his personal knowledge, no corroborative testi-
mony could have been given by any of those witnesses; that he
has been informed that other persons appeared before the grand
jury. What they did or might have testified to is not stated.
The Assistant Attorney-General files an affidavit stating that the
indictments were found after oral testimony tending to connect
the defendant with the commission of the crimes charged had been
received by the grand jury from numerous persons other than those
alleged to be accomplices and that such testimony was received from
persons who were not accomplices.

On this showing we do not think the defendant is entitled to an
order requiring the prosecution to furnish the names of all the wit-
nesses before the grand jury. (*People* v. *Sweeney, supra,* p. 46;
*People* v. *Martin,* 87 App. Div. 487, 488, 489; *People* v. *Steinhardt,*
47 Misc. 252, 262, 263.)

The defendant relies on *People* v. *Nationwide News Service, Inc.*
(172 Misc. 752). It is analogous to the present case with one
important exception. There the defendants allege that the only
witness before the grand jury was an accomplice and, further, that
they were informed and verily believe that no corroborative testi-
mony existed. *These allegations in effect were admitted.* Mr.
Justice CREGG said: "None of these allegations are denied by the
people." The contrary is true here. In other cases cited by the
defendant it was admitted or clearly appeared affirmatively that
there was no corroborative testimony. In some the grand jury
minutes had been furnished by consent, apparently to test a ques-
tion of law; in others the defendant on proper showing had obtained
an inspection, and in still others the charge had been previously
investigated publicly. The testimony on such investigation was

produced to show as a fact what knowledge the witnesses had or did not have.

From the moving papers it appears that the defendant is not in entire ignorance of what transpired before the grand jury. He knows the names of the parties whose claims are alleged to have been false. He has interviewed these witnesses. In *People* v. *DiCarlo* (*supra*, p. 486) the court said: " In cases where the defendants have no knowledge of what has or could have occurred before the grand jury, it sometimes becomes the duty of the court to grant motions to examine grand jury minutes." Such is not the present case.

Motion denied. Submit order accordingly. ,