THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RAYMOND O'KEEFE, ANTONIO ROMEO, LOUIS DIMBRO, LAURENCE WILCOX, PHILIP VANDERBECK, HARRY P. KOUTOUKAS, KEISER JOSEPH, DEMETRIUS SARACENO, SIDNEY GOODSITE, MARTIN MONDOLFI, LOUIS FIATO and JOSEPH CAPALACES, Defendants.

County Court, Broome County, October 2, 1950.

*Edward F. Ronan* and *Paul Shanahan* for Antonio Romeo, defendant.

*Edward E. O'Brien* for Harry P. Koutoukas, defendant.

*Richard Kuhnen* for Laurence Wilcox, defendant.

*John Cucci* for Louis Fiato and another, defendants.

*John Dapolito* for Raymond O'Keefe, defendant.

*Jack Rappaport* for Philip Vanderbeck, defendant.

*Harry Travis* for Martin Mondolfi and others, defendants.

*Theodore Cohn* for Joseph Capalaces and another, defendants.

*Robert O. Brink, District Attorney* (*Samuel Bernstein* of counsel), for plaintiff.

McAvoy, J. The defendants ask for an inspection of the Grand Jury minutes upon which the indictment was returned. The indictment charges the crimes of conspiracy, bribery and accepting unlawful fees.

On motions of this character we start with a presumption that the indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary. (*People* v. *Dally,* 174 Misc. 830, 832.) Inspections cannot be had as a matter of right, for if so, they would have to be granted to every defendant upon the mere asking. (*Matter of Montgomery,* 126

App. Div. 72, 82.) " The burden is on the defendant to show *facts* entitling him to relief, and ' If, through lack of knowledge, the defendant cannot aver sufficient facts in his affidavit so as to warrant an inspection, motions of this character should be denied.' " (*Dally* case, *supra,* p. 832.) There must be facts set forth upon which judicial discretion can act. It cannot act upon surmise and conjecture that the evidence before the Grand Jury was insufficient or illegal.

In the light of the foregoing rules we have carefully examined the moving papers upon which these motions for an inspection are based, and find that for the most part, they contain mere denials of guilt and the unsupported assertion that the indictment was founded upon insufficient and illegal evidence. Some defendants refer to denials in affidavits of codefendants that they ever participated in any illegal transactions with them. However, the court cannot consider bare denials of guilt as facts upon which the judicial discretion can act in deciding motions of this nature.

Certain defendants claim that the indictment is based solely upon testimony of accomplices and that therefore the evidence to sustain it is insufficient. As hereinabove stated the presumption is that the indictment was found on sufficient legal evidence. This general presumption embraces the assumption that there was other evidence, in addition to the testimony of accomplices, tending to connect the defendants with the commission of the crimes charged. I find no facts in the moving papers to rebut such presumption.

Counsel for the defendant Romeo calls our attention to the decision of the Court of Appeals in the case of *People* v. *Nitzberg* (289 N. Y. 523) on the question of the sufficiency of accomplice testimony to sustain an indictment. That decision has no bearing on the right of a defendant to an inspection. In the *Nitzberg* case (*supra*) it was revealed, *after trial* of the indictment in question, that the only evidence to sustain it before the Grand Jury was testimony of accomplices. This fact was further established by admissions of the District Attorney to that effect, made on the argument of motions subsequent to the trial. The moving papers show no facts to indicate that such is the situation presented here.

Some of the defendants argue that they were deprived of a hearing before a magistrate on the charges made against them. It has been consistently held that the fact defendants have not been accorded a preliminary examination is immaterial on

motions of this kind. (*Matter of Montgomery, supra; People* v. *Steinhardt,* 47 Misc. 252, 263.)

It has also been suggested, as an alternative to granting defendants permission to inspect, that the court examine the Grand Jury minutes and determine whether the evidence presented was sufficient to warrant a finding of the indictment. Such a request has become common practice, especially where the moving papers are insufficient to make a case. In this connection I am in accord with the sentiments expressed by the court in *People* v. *Klinger* (165 Misc. 634, 637) and again in *People* v. *McCann* (166 Misc. 269, 270) where Judge FRESCHI states: " If the court is going to assume authority in all cases, regardless of the sufficiency of the moving papers, then we would be establishing a practice of inquiring into the validity of all indictments, and the multiform situations thus presented would create an endless amount of work for the prosecuting authorities and the court with much incidental delay in the disposition of criminal cases."

Such a statement applies with particular force to the situation in the case at bar where the evidence is exceptionally voluminous as its presentation to the Grand Jury required a period of several weeks. An examination of these minutes would consume a great deal of the court's time with consequent delay in the disposition of the cases. Unless there are facts set forth in the moving papers, which create at least a doubt in the mind of the court as to the sufficiency of the evidence, requests of this nature should not be granted. We find no such facts.

The motions are accordingly denied.