THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BRAYTON McOMBER, Defendant.

Supreme Court, Special Term, Lewis County, June 4, 1954.

466

*George E. Reed* for defendant.

*Sanford N. Egloff, District Attorney,* for plaintiff.

HUDSON, J. This is a motion by the defendant to dismiss an indictment which was returned against him on the 3d day of June, 1953, charging him with the crime of maintaining a public nuisance. The motion is made upon the ground that the indictment does not contain a plain and concise statement of the acts constituting the crime as required by subdivision 2 of section 275 of the Code of Criminal Procedure. The indictment reads as follows: " The Grand Jury of the County of Lewis by this indictment accuse BRAYTON MCOMBER of the crime of Maintaining a Public Nuisance, committed as follows: The said Defendant, Brayton McOmber, of the Town of Lowville, County of Lewis, and State of New York, in the said Town, County and State, between the 3rd day of June, 1951, and the date hereof, and for a long time prior thereto, at his residence in the Town

of Lowville, Lewis County, New York, on the premises of his said residence on Dayan Street, Lowville, New York, did unlawfully, knowingly, and wilfully maintain a colony of honey bees, said honey bees being owned by him, consisting of ten or more hives, at present consisting of about thirty hives or swarms, which said honey bees did and do swarm upon and fly over and upon the premises of the surrounding property owners, ten or more in number, and do and have on frequent occasions stung the said property owners and members of their families to their great pain and discomfort, and said honey bees do and have lighted upon the washings of said property owners causing spots on the washings of said property owners while being hung out on the clothes lines to dry and thereby causing said washings to have to be re-washed in order to remove said spots, and the said honey bees have and do hinder the free and proper use of their premises by the said surrounding property owners and their families, and generally annoyed, injured and endangered the comfort, repose, health and safety of a considerable number of persons, said persons being the said property owners, contrary to the form of the Statute in such case made and provided and against the peace of the People of the State of New York and their dignity.''

A public nuisance is defined in section 1530 of the Penal Law as follows: '' A ' public nuisance ' is a crime against the order and economy of the state, and consists in unlawfully doing an act, or omitting to perform a duty, which act or omission: 1. Annoys, injures or endangers the comfort, repose, health or safety of any considerable number of persons; or &ast; &ast; &ast; 4. In any way renders a considerable number of persons insecure in life, or the use of property.''

The defendant contends that the indictment does not sufficiently set out the acts of negligence or criminal intent on the part of the defendant which constitute the crime charged and that a plain and concise statement of the acts complained of are not set out in the indictment. Consequently it is urged that the indictment should be dismissed.

It is not necessary to show acts of negligence or criminal intent in order to constitute the crime of maintaining a public nuisance. (*People* v. *Ehrlich*, 14 N. Y. S. 2d 125.) In this case a prosecution under subdivision 1 of section 1530 of the Penal Law for keeping dogs, cats and donkeys in such a manner that they were a public nuisance was sustained. The court stated at page 129:

" If dogs in commercial kennels can, as a rule, be quieted and if defendant's neighbors can keep and breed dogs without annoying the community, a jury might find that defendant could use more effective methods to restrain the animals in her charge.

" The right to keep animals carries with it an obligation to use reasonable efforts to prevent them from injuring the public. Neither the worthy object of defendant's enterprise * * * nor the fact that it is lawful and customary to have animals in a country residential district, relieve her of that duty."

I am of the opinion that sufficient facts are set forth in the indictment to fully acquaint the defendant of the charges which are made against him and that the number of persons whom it is alleged have been affected by the alleged public nuisance come within the requirement of the statute, " a considerable number of persons ".

In *People* v. *Rubenfeld* (254 N. Y. 245), the court stated, at page 247: " To be reckoned as ' considerable,' the number of persons affected need not be shown to be ' very great ' * * * Enough that so many are touched by the offense and in ways so indiscriminate and general that the multiplied annoyance may not unreasonably be classified as a wrong to the community."

The defendant further urges that no unlawful act is set forth in the indictment nor any omission to perform a duty as set forth in section 1530 of the Penal Law. He urges that the hiving of bees is a lawful business and in the absence of an ordinance or statute making the same unlawful, that the defendant has a right to hive bees. He cites a number of cases supporting this position and the authorities are ample to the effect that the keeping or owning or raising of bees is not in and of itself an unlawful business. However, the authorities hold that the keeping of bees in such a manner as seriously to interfere with the rights of neighbors in the use of their property may constitute a nuisance. (*Olmstead* v. *Rich,* 53 Hun 638, opinion in 6 N. Y. S. 826.)

The *Olmstead* case involved a set of circumstances very similar to those which exist in the present case, namely, that the defendant kept some ninety swarms of bees within sixty feet of the plaintiff's premises; that during the spring and summer months these bees were a great annoyance to the plaintiff, stinging him, his guests and servants and soiling articles of clothing exposed on the premises. This case did not involve a criminal action but rather resulted in the application by plaintiff for an injunction to restrain the defendant from maintaining the bees.

The question of whether or not, under the circumstances of the case, a nuisance existed was submitted to the jury which returned a verdict in the affirmative. An injunction was granted. The appellate court held that the verdict was sustained by the evidence; that the question of the identity of the bees was one for the jury. The appellate court in sustaining the decision of the lower court made this observation (p. 830): "The real contest was as to whether the condition of things as then existing constituted a nuisance. The jury and court both so found. Apparently the bees can be removed, without material injury, to a locality where neighbors will not be affected, and the defendant Stephen W. Rich is in fact carrying on a similar business elsewhere upon farms. Having in view the peculiar situation, and the inadequacy of any other remedy, we are inclined to the opinion that an injunction was properly awarded."

The defendant cites the case of *Town of Arkadelphia* v. *Clark* (52 Ark. 23, note 39 A. L. R. 364), as authority for the proposition that the keeping, owning or raising of bees is not in and of itself a nuisance. In that case the court stated further: "Bees may become a nuisance in a city but whether they are so or not is a question to be judicially determined in each case."

In *Lucas* v. *Pettit* (12 Ont. L. Rep. 448, 451, note 39 A. L. R. 363), which was a case involving an action for damages for the death of a team of horses due to being stung by bees of an adjoining property owner, the court stated: "The doctrine of *scienter* or ' notice of mischievous propensities ' of the bees has, I think, no application to this case, nor could the absence of negligence, in the sense pressed upon us, relieve the defendant of liability. * * * The right of a person to enjoy and deal with his own property as he chooses is controlled by his duty to so use it as not to affect injuriously the rights of others, and in this case it is a pure question of fact whether the defendant collected on his land such an unreasonably large number of bees or placed them in such position thereon as to interfere with the reasonable enjoyment of the plaintiff's land."

Therefore, it seems to me that while the defendant admittedly has a right lawfully to maintain a colony of honeybees upon his premises, he is nevertheless charged with a duty of maintaining them in such a manner that they will not annoy, injure or endanger the comfort, repose, health or safety of any considerable number of persons or to render a considerable number of persons insecure in the use of their property and that if he omits to do so, he is subject to an indictment for the crime of

maintaining a public nuisance as defined in section 1530 of the Penal Law. I am also of the opinion that the form of the indictment above set forth is sufficient to cover the crime charged.

The defendant further moves that in the event such indictment is held sufficient that an order be made permitting the defendant to inspect the Grand Jury minutes of the testimony upon which the indictment herein was founded for the purpose of enabling the defendant to move for a dismissal of the indictment on the ground that the evidence received by the Grand Jury was insufficient and illegal to support the indictment.

The right to inspect the Grand Jury minutes is provided under section 952-t of the Code of Criminal Procedure. (*Matter of Martin,* 170 Misc. 919, 921–922.)

The right to permit an examination of the minutes of the Grand Jury may not be granted as a matter of right and rests solely in the discretion of the court.

*People* v. *Sweeney* (213 N. Y. 37, 42), wherein the court stated: '' The court refused to give to the appellants a copy of the minutes and they seek to review the order made by the court denying the motion for a copy of the minutes, but the decision of the court upon such motion rested to such an extent in discretion that it cannot be reviewed by this court.'' (See, also, *People* v. *Joslin,* 129 Misc. 790; *People* v. *McCann,* 166 Misc. 269, and *Matter of Martin,* 170 Misc. 919.)

It seems to be firmly established under recent decisions of our courts that the moving papers upon an application to inspect the minutes of a Grand Jury must show a substantial basis for the application and should not be made upon mere assumption. It is not intended as a discovery proceeding even when made by the defendant. In *People* v. *McCann* (166 Misc. 269), the court stated the rules to be followed at pages 269–270: '' Many counsel for defendants have lately addressed similar motions to this court in cases where the papers failed to show grounds for granting an inspection of the minutes. They content themselves with hearsay, opinions, comments and, in some instances, with arguments and speculation as to what was or was not before the grand jury; and upon the hearing of such motions they ask for an examination of the minutes by the court to determine whether the indictment has a basis in fact — practically, asking the court to pass upon a motion, although not made, to dismiss the indictment. If this practice is encouraged, then every defendant would ask for a review of the evidence before the grand jury, in order to determine the sufficiency thereof and the validity of the indictment. * * * The evidence before the

grand jury should not be divulged except where, in the sound discretion of the court, the application is predicated on facts proven and not on mere assumption of the subject-matter. If the court is going to assume authority in all cases, regardless of the sufficiency of the moving papers, then we would be establishing a practice of inquiring into the validity of all indictments, and the multiform situations thus presented would create an endless amount of work for the prosecuting authorities and the court with much incidental delay in the disposition of criminal cases. Courts should not act in these matters unless the moving party brings himself within the law. As a general policy, the court ought not to take cognizance of these applications unless the circumstances of the case show clearly a questionable indictment either on the law or the facts, and matters of defense ought not to be determined except upon a trial.''

In *Matter of Martin* (170 Misc. 919, *supra*), the court stated the rule in the following language, at page 920: `` It has always been the policy of the law that grand jury proceedings be held secret and that the minutes thereof be not revealed. Grand jury minutes are available only to the court, the district attorney and such persons to whom the court may grant permission to inspect them upon notice to and after hearing the district attorney. (Code Crim. Pro., § 952-t; *People ex rel. Hirschberg* v. *Supreme Court*, 269 N. Y. 392.) The purpose of permitting an inspection of grand jury minutes is to enable the defendant to move for a dismissal of his indictment if found against him in violation of law (*People* v. *Glen*, 173 N. Y. 395; *People* v. *Sexton*, 187 id. 495; *Matter of Montgomery*, 126 App. Div. 72; *People* v. *Pirie*, 126 Misc. 254; *People* v. *Steinhardt*, 47 id. 252), and the rule adopted by the courts is almost universal not to grant an inspection except to a defendant named in the minutes sought to be inspected *and* for the reason above stated. A motion of this kind is not intended as a discovery proceeding even by a defendant, in preparation for trial, either civil or criminal, in which the defendant is involved (*Mann* v. *Delaware, L. & W. R. R. Co.*, 99 Misc. 358; affd. 177 App. Div. 952; *People* v. *Pirie*, *supra*; *Matter of Baldwin*, 65 Misc. 153) unless, for special reasons shown by the defendant, a denial of an inspection of the grand jury minutes would amount to a denial of a fair opportunity to prepare his defense. (*People* v. *Kresel*, 142 Misc. 88.) '' and at page 922: `` We are not unmindful that a motion to inspect under the provisions of section 952-t of the Code of Criminal Procedure is addressed to the discretion of the court and its decision is not appealable. (*People* v. *Sweeney*, 213 N. Y.

37; *Matter of Montgomery, supra.*) Before the court can, however, exercise its discretion, there must be a substantial basis shown by the defendant for the court to allow the inspection. (*People* v. *Muhlstein,* 153 N. Y. Supp. 909; *Mann* v. *Delaware, L. & W. R. R. Co., supra.*) Judicial discretion is not a mere arbitrary rule which confers upon a judge the right to blindly make a judicial determination nor is it a palliation for capricious discrimination. It is, in a measure, regulated by precedent and hence, while the provisions of section 952-t of the Code of Criminal Procedure are not mandatory, we may not indiscriminately permit any private litigant to inspect grand jury minutes without frustrating the very purpose for which the statute was enacted. Sound discretion impels that we regard the policy which the courts have generally adopted when applying this statute and in the light of the authorities we see no reason to except the present application from the well-established practice.''

The affidavit submitted in support of the application to inspect the Grand Jury minutes is that of the defendant's attorney and the only paragraph therein which supports the claim on the part of the defendant that there was insufficient and illegal evidence before the Grand Jury upon which it based its indictment reads as follows: '' In this regard deponent further submits that, on reading the indictment and talking with witnesses, it is extremely doubtful that any proof whatsoever was submitted to the grand jury to the effect that it was defendant's bees which had stung surrounding property owners or their families, or that it was defendant's bees which, on occasion, had dirtied washings as set forth in the indictment herein, and further, that it is illogical to assume, from a perusal of the indictment herein, that any proof whatsoever was submitted before the grand jury relative to any acts or omissions on the part of the defendant which constituted the crime charged in the indictment herein, if there be a crime charged.''

The defendant's application is clearly based upon assumption alone and under the authorities and the cases cited above is not, in my opinion, sufficient to warrant the exercise of the court's discretion in permitting an inspection of the Grand Jury minutes.

Order accordingly.