Anthony K. Pomilio, J.
The defendant, William Y. Quinn, was indicted by the Oneida County Grand Jury for the crime of grand larceny in the first degree. Specifically, the indictment charges that the defendant appropriated for his own use funds belonging to one Julia A. Marrón, an incompetent person, for whom he was attorney in fact. Defendant now seeks permission for himself and his attorney to inspect the minutes of the Grand Jury which returned the indictment and to obtain a copy of said minutes.
Counsel for the defendant contends in his moving papers that the inspection of the minutes is necessary to enable the defendant to ascertain the crime with which he is being charged and to prepare a motion to dismiss the indictment. Counsel indicates that the motion to dismiss the indictment will be based on two points:
1. That sufficient evidence was not produced to warrant the indictment.
2. That the Statute of Limitations as prescribed by section 142 of the Code of Criminal Procedure has run against the prosecution of the alleged crime.
The arguments of defendant’s counsel warrant a statement of the circumstances under which a court may grant a defendant the right to inspect the minutes of the Grand Jury which indicted him. A review of the cases in which courts have dealt with this question shows that the courts have laid down definite principles for courts to follow in deciding a motion to inspect such minutes. *112 These principles will be set forth here and applied to the present case.
A presumption exists that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary. (People v. Glen, 173 N. Y. 395, 403.) Examination of the minutes of a Grand Jury cannot be had as a matter of right (Matter of Montgomery, 126 App. Div. 72, 82). In fact, the right to inspect such minutes is extraordinary and should be given only in exceptional cases (People v. Steinhardt, 47 Misc. 252, 266). The granting of the right of inspection of such minutes rests in the court’s sound discretion. The court cannot surmise and conjecture that the evidence before the Grand Jury was insufficient or illeg’al. Rather, there must be set forth in the moving papers facts upon which the court, using its discretion, can act (People v. O’Keefe, 198 Misc. 682, 684). The evidence before the Grand Jury should not be disclosed except where the court finds that the application rests on proven facts. (People v. McCann, 166 Misc. 269, 270.) “ ‘ If, through lack of knowledge, the defendant cannot aver sufficient facts in his affidavit so as to warrant an inspection, motions of this character should be denied. ’ ” (People v. Dally, 174 Misc. 830, 832.)
Applying these principles to the present case, we find that counsel for the defendant has presented in his moving papers no facts on the basis of which this court, in its discretion, can permit the defendant and his attorney to inspect the minutes.
Turning to the first argument for inspection of the minutes, namely, to enable the defendant to ascertain the crime with which he is charged, the court finds no facts to support this argument. The indictment as presented is sufficiently clear so that the defendant knows the nature of the charge against him. In the absence of facts to support this argument, it stands without merit.
The second argument for permitting the inspection of the minutes is to enable the defendant to move to dismiss the indictment and is based on two points, each of which we shall now consider.
The argument that sufficient evidence was not produced to warrant the indictment is completely unsupported by any facts to justify the court’s use of its discretion to grant the defendant’s request. In the absence of such facts and following the principles enumerated above, we must presume that the indictment is based upon sufficient evidence.
The other part of the argument for inspection of the minutes preparatory to a motion to dismiss the indictment is that the Statute of Limitations has run as to the defendant’s alleged *113 crime as set forth in the indictment. Section 142 of the Code of Criminal Procedure sets forth the Statute of Limitations for the commission of grand larceny by a fiduciary as follows: ‘ ‘ provided, however, that a prosecution for larceny committed by a person in violation of his duty as fiduciary may be commenced within five years, if a felony, and within two years, if a misdemeanor, after the facts constituting the crime have been, or, in the exercise of reasonable diligence, should have been discovered (a) by one of the persons injured or defrauded, if a competent adult, or (b) by his legal representative not a party to the larceny, if the person injured or defrauded was an incompetent at the time of the commission of the larceny, or became incompetent before he discovered or should have discovered the facts constituting the crime”.
The question of when the alleged larceny by the defendant was or, in the exercise of reasonable diligence, should have been discovered by Albert F. Bacon, who succeeded the defendant as legal representative of Julia A. Marrón, the incompetent allegedly defrauded, is one of fact to be determined at the trial of this matter. Likewise, the Statute of Limitations is a defense to be presented upon the trial (People v. McCann, supra, p. 270).
Another point raised by defense counsel in his moving papers is that no information was ever sworn to against the defendant and that the defendant has had no opportunity for a preliminary hearing and examination of the evidence against him. The holding of a preliminary hearing, or its omission, does not have any bearing in determining - the right of a defendant to inspect minutes (People v. Steinhardt, supra, p. 263).
The motion is denied. Ordered accordingly.