William P. Christiana, J.
Defendant, a 50-year-old male, has been indicted for the crime of carnal abuse of a five-year-old female child contrary to section 483-a of the Penal Law, a felony. Defendant’s counsel has moved to inspect the minutes of the Grand Jury, pursuant to section 952-t of the Code of Criminal Procedure, preparatory to a motion to dismiss the indictment. The contention is that the bill is not supported by sufficient legal evidence.
The policy of the law, long established, is to surround proceedings of the Grand Jury with a cloak of secrecy. This must be so not only to prevent revealing the prosecution’s testimony but also to afford protection to the witnesses appearing before the Grand Jury. (Matter of Special Report of Grand Jury of Erie County, 192 Misc. 857; Matter of People ex rel. Sawpit Gymnasium, 60 N. Y. S. 2d 593.)
No inherent right is vested in a defendant to probe the proceedings of a Grand Jury. Otherwise, inspection would be open *558 to every defendant “ for the asking ’7 (People v. O’Keefe, 198 Misc. 682; Matter of Montgomery, 126 App. Div. 72, 82) resulting in considerable chaos in the administration of the criminal law. Hence, the granting of motions of this nature must be lodged in the sound discretion of the court, which, while not arbitrarily withheld, should be exercised only upon proper cause shown. (People v. Moody, 133 N. Y. S. 2d 332; People v. Brown, 272 App. Div. 972; Matter of Martin, 170 Misc. 919, 922.)
It is presumed that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary. (People v. Glen, 173 N. Y. 395; People v. Sexton, 187 N. Y. 495; People v. Sweeney, 213 N. Y. 37; People v. Howell, 3 N Y 2d 672.) The presumption of legality may only be overcome by facts set forth in the moving papers. Surmise, supposition, conclusions or assumptions will not warrant the granting of the motion. Judicial discretion must be impelled by facts, and if a defendant cannot aver sufficient factual data in his moving papers, the permission sought should be sparingly allowed. (People v. Dally, 174 Misc. 830; People v. McCann, 166 Misc. 269; People v. Klinger, 165 Misc. 634, 637; People v. Keppler, 25 N. Y. S. 2d 804.)
The governing rule is summarized in People v. McOmber (206 Misc. 465, 470) as follows: “ It seems to be firmly established under recent decisions of our courts that the moving papers upon an application to inspect the minutes of a Grand Jury must show a substantial basis for the application and should not be made upon mere assumption.”
To the same effect is People v. McCann (166 Misc. 269-270, supra) where the court said: “Many counsel for defendants have lately addressed similar motions to this court in cases where the papers failed to show grounds for granting an inspection of the minutes. They content themselves with hearsay, opinions, comments, and, in some instances, with arguments and speculation as to what was or was not before the grand jury; and upon the hearing of such motions they ask for an examination of the minutes by the court to determine whether the indictment has a basis in fact—practically, asking the court to pass upon a motion, although not made, to dismiss the indictment. * * * Courts should not act in these matters unless the moving party brings himself within the law. As a general policy, the court ought not to take cognizance of these applications unless the circumstances of the case show clearly a questionable indictment either on the law or the facts, and matters of defense ought not to be determined except upon a trial,”
*559 The only affidavit submitted in support of this motion is made by defendant’s attorney in which, in effect, it is alleged that counsel has been “ informed ” or been “ advised ” or u believes ” that sufficient evidence was lacking to warrant the finding of the indictment. The difficulty is that such allegations are conjectural and must be held inadequate as a basis for proceedings of this nature under the authorities above cited.
Section 251 of the Code of Criminal Procedure provides that an indictment ought to be returned when all the evidence presented to the Grand Jury taken together is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by a trial jury. Courts should be reluctant to substitute their judgment for the avowed functions of a Grand Jury. Unless the moving papers contain affirmative facts from which it appears that the evidence adduced before the Grand Jury is, in its material character, legally insufficient or patently unworthy of belief or unless the court finds that the constitutional rights of a defendant have, in some manner been violated, motions of this character should be denied.
From an examination of the minutes, it would appear that whatever doubt may exist as to defendant’s guilt ought to be resolved on a trial of the indictment. The motion is denied. Submit order accordingly.