Charles M. Hughes, J.
This is an application for the inspection of the Grand Jury minutes from which was returned two indictments at the May Term of Supreme Court, held in and for the County of Saratoga. The indictment contains two counts, charging violation of section 970 of the Penal Law on the first count, and violation of section 973 of the Penal Law on the second count. The first section is commonly known as the crime of being a common gambler, and the second above-named section is commonly known as a crime of unlawfully keeping a room used for gambling. The authority for such a motion is provided for under section 952-t of the Code of Criminal Procedure.
The defendant was arraigned before this court on May 22, 1961 and a plea of not guilty was entered and the case was transferred to the Saratoga County Court.
It is well to consider the history of the proceedings had in connection with these indictments in order for this court to exercise its proper discretion in the premises. On June 5,1961, the defendant moved the case over the term in the Saratoga County Court in order to permit the defendant to move before this court for an inspection of the Grand Jury minutes, or, in the alternative, for a dismissal of the indictments. This motion was granted on condition that the motion be made in the Supreme Court during the week of June 23, 1961. The motion was made returnable on June 29, 1961 before this court, and on June 19, 1961, the Supreme Court of the United States handed down a decision in the case of Mapp v. Ohio (367 U. S. 643), holding that evidence illegally obtained was no longer usable in the State courts. Based upon that authority, this court granted the motion of dismissal.
Thereafter, it was called to the court’s attention that upon the authority as laid down in the Matter of Schneider v. Aulisi (307 N. Y. 376), once this case had been transferred to the County Court, the Supreme Court was divested of jurisdiction as to a motion to dismiss, or any other proceedings, other than a motion for the inspection of the Grand Jury minutes, and thereafter, and on the 11th day of August, 1961, on an order to show cause brought by the District Attorney, this court vacated the order of dismissal and remanded all proceedings back to the County Court.
*661 Concurrently with that motion, this motion for inspection of Grand Jury minutes was made, and this court was furnished with the minutes by the District Attorney of Saratoga County, which this court has read.
It is fundamental that a motion to inspect Grand Jury minutes, preparatory to a motion to dismiss an indictment, rests in the sound discretion of the court. (See People v. Diamond, 72 App. Div. 281, affd. 175 N. Y. 517.)
It is fundamental that an accused is not entitled as a matter of right to be furnished with the evidence taken by a Grand Jury in support of an indictment. (See People v. O’Keefe, 198 Misc. 682.) However, due to the novel situation that has been presented upon these applications, and due to the Mapp decision in the Supreme Court, this court feels that as a proper exercise of discretion, the defendant is entitled to inspection of the Grand Jury minutes in order to make such motions as may be deemed necessary for the protection of his rights under existing law.