THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GORDON PIRIE, Defendant.

County Court, Bronx County, December 24, 1925.

Grand jury — motion to inspect minutes on indictment for murder, first degree — motion will not be granted on ground that no preliminary examination was held and that case is unusual — purposes for which inspection can be granted.

A motion to inspect the minutes of the grand jury returning an indictment for murder in the first degree should not be granted on the ground that there was no preliminary examination before a magistrate and that the unusual character of the case will require careful investigation to ascertain the facts, since the sole purpose for which an inspection can be granted is to enable the defendant to make a motion to set aside the indictment for the reasons specified in section 313 of the Code of Criminal Procedure, and where his constitutional rights have been invaded.

MOTION for an inspection of the minutes before the grand jury.

*John E. McGeehan, District Attorney,* and *Sylvester Ryan,* for the People.

*George Gordon Battle,* for the defendant.

COHN, J. The defendant was indicted by the grand jury of Bronx county for murder in the first degree. The reasons urged for this application by the defendant are (1) that there has been no preliminary examination before any magistrate or any other official, and (2) that the " unusual character " of the case will require careful investigation to ascertain the facts. The law in this State appears to be well settled that an examination of the minutes of the grand jury cannot be had for the purpose of putting the People's testimony in the hands of the defendant nor for the purpose of assisting him in preparing his case for trial. It is likewise settled that such inspection may not be granted to every

defendant upon request for the proceedings of the grand jury must be kept secret. (Code Crim. Proc. § 265.) The only grounds for allowing an inspection are concisely stated in the leading case of *Matter of Montgomery* (126 App. Div. 72, 82): " The sole purpose for which the inspection can be granted is to enable him to make a motion to set aside the indictment for the reasons specified in section 313 of the Code of Criminal Procedure, and, as now settled by the Court of Appeals in *People* v. *Glen* (173 N. Y. 395) and *People* v. *Sexton* (187 id. 495) — both of which cases being on appeal from final judgment — where his constitutional rights have been invaded."

The defendant frankly states that this motion is not made preliminary to a motion to dismiss the indictment under section 313 of the Code of Criminal Procedure. Nor is any claim made by the defendant that his constitutional rights were invaded, in that the indictment was obtained upon illegal or insufficient evidence. (Code Crim. Proc. §§ 256, 257.) While the court might exercise its discretionary power to grant a motion to inspect the minutes of the grand jury for the sole purpose of allowing the defendant to prepare for trial, I find no provision in the law which would authorize the exercise of discretion for that purpose. A motion for leave to inspect the grand jury minutes should not be granted unless the court is satisfied that it is made in good faith for the purpose of moving to dismiss the indictment on *legal* grounds. (*People ex rel. Martin* v. *Brady,* 168 App. Div. 108.) Under the law, an accused person is enabled to be apprised of the crime of which he is charged by an indictment which must contain a plain and concise statement of the act constituting the crime. (Code Crim. Proc. § 275.) He has also the right to have the names of the witnesses who were examined before the grand jury. Such names must be indorsed upon the indictment. (Code Crim. Proc. § 271.) If the Legislature desired to grant the further right to a defendant to inspect the minutes of a grand jury where no preliminary hearing was had before a magistrate so that the testimony of the People's witnesses might be disclosed for the purpose of aiding the defendant in preparing his case for trial, the statute could easily be amended to bring about such a result. In the case at bar the defendant has received all of the information to which the law entitles him. The motion for leave to inspect the minutes of the grand jury is, therefore, denied.