Archibald C. Wemple, J.
The defendants, in their moving affidavit, challenge the sufficiency of the indictment herein. They contend that there could have been no evidence of commission of a crime before the Grand Jury and that there could have been no neglect of duty upon which the three counts of the indictment were predicated. Simultaneously, the defendants ask for a bill of particulars as to the 90 provisional appointments and positions for which there is charged a neglect to hold examinations. They also request particulars amplifying the indictment and specifying the acts or failures to act constituting the commission of the alleged crimes set forth in the indictment.
The defendants allege that the indictment herein was based either directly or indirectly upon certain testimony taken during the examination by the State Civil Service Commission as to “ alleged irregularities in the operation of the Civil Service Commission of Schenectady County.” The defendants charge that the testimony taken therein was not founded on legal or sufficient proof, but rather upon “hearsay,” “unsupported accusations,” “ surmises,” and “suspicion.”
There is a presumption that an indictment is properly found and upon legal and sufficient evidence. In the case at bar this presumption is attacked in strong language. The defendants cannot positively state whether the evidence they challenge was actually used before the Grand Jury, nor is the District Attorney bound to divulge the nature or character of the evidence upon which the indictment was found. The People’s affidavit merely alludes to the report and states it has no “ bearing on the indictment.” This, of course, begs the question.
*717 If, as charged, the contested report was presented and if, as charged, it contains incompetent evidence, then the very foundation of the indictment may be undermined. It seems, therefore, that the defendants have raised an arguable question.
The District Attorney’s answering affidavit contends that the indictments were found principally upon the defendants’ own testimony before the Grand Jury. It is further argued that the defendants are in possession of the records of their- office; that they have a copy of the State Civil Service Report; and that they, the defendants, ‘ ‘ know much more than the District Attorney’s office in connection with the conduct of their own office and their acts,” and their “ neglects of duty.” There is no specific denial of use of the “ challenged ” State report and testimony. This court can only speculate as to what part, if any, i t played in the finding of this indictment.
The District Attorney argues that the defendants are merely on a so-called “ fishing expedition ” and that there is no justification shown for the defendants’ examination of the Grand Jury minutes.
It is obvious, therefore, that the contentions of the parties, as outlined in their affidavits, are widely divergent both in factual content and legal construction. The moving papers show to the satisfaction of this court that the defendants have established a reasonble ground to question the sufficiency of the indictments.
In reaching its conclusion this court has been guided by the case of People v. Howell, decided in the Court of Appeals, February 20, 1958 (3 N Y 2d 672) in which Judge Van Voobhis said (p. 675), “ It is enough to justify the granting of a motion for inspection if facts be shown from which there is reason to believe that the evidence before the Grand Jury is insufficient or illegal (cf. People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 31, per Cabdozo, Ch. J.).”
At this stage of the proceedings it is unnecessary for this court to pass upon the question of whether or not a crime has been committed and whether, therefore, the indictments should be dismissed. The motion to dismiss is, therefore, denied, reserving to the defendants, or any of them, the right, at a later date, to move to dismiss after having had an opportunity to examine the minutes.
In the case of People v. McOmber, decided at Special Term of the Supreme Court, Lewis County, June 5, 1954 (206 Misc. 465), Judge Hudson said (p. 470): “It seems to be firmly established under recent decisions of our courts that the moving papers upon an application to inspect the minutes of a Grand *718 Jury must show a substantial basis for the application and should not be made upon mere assumption.”
And Judge Hudson, continuing, quotes People v. Glen (173 N. Y. 395) and other similar cases, in stating (p. 471): ” The purpose of permitting an inspection of grand jury minutes is to enable the defendant to move for a dismissal of his indictment if found against him in violation of law (People v. Glen, 173 N. Y. 395; People v. Sexton, 187, id. 495; Matter of Montgomery, 126 App. Div. 72; People v. Pirie, 126 Misc. 254; People v. Steinhardt, 47 id. 252) ”.
The blanket indictment of an official body such as the Schenectady County Civil Service Commission generates a great deal of public interest and concern. The indictment not only charges the defendants with crime in the performance of their official duties, but it also casts a cloud upon the appointment of many civil servants, the certification of payrolls and many other functions of the commission. In fact, the New York State Legislature, recognizing this situation, passed chapter 870 of the Laws of 1960. This law validated for one year the provisional appointments of the Schenectady County Commission in order to preserve the civil service status of these public office holders pending determination of their civil service rights. The matter was considered of such vital importance to the public service of Schenectady County that the law received the approval of the City Manager of Schenectady, the Superintendent of the Schenectady Public Schools, the Schenectady County Board of Supervisors and the Civil Service Employees Association.
The defendants are charged with neglect of duty with respect to holding competitive examinations, establishing eligible lists, maintenance of roster and other official acts concerning a large number of positions in the civil service from February 6, 1958 to January 15,1960. The period of time and the scope of detail of the charges covered in the indictment are extensive. This is a further reason to warrant inspection of the minutes by the defendants.
For the reasons stated herein and upon the authority of the cases cited, it is ordered that the District Attorney furnish the defendants indicted herein or to their respective attorneys, a copy of the minutes of the Grand Jury, and that a copy of the minutes also be furnished to the court.
Motion for a bill of particulars is denied and motion to dismiss the indictment is denied without prejudice to renew either of said motions at a later date. Enter order accordingly.