THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DONALD P. ACKLEY, Appellant.

MEMORANDUM BY THE COURT. Defendant, an undertaker, was found guilty of acts that would grieve and shock relatives and outrage the public in failing to inter several corpses entrusted to him for burial. He absconded with the moneys paid him by relatives or representatives, and left the bodies in the basement of the building he occupied. All of the indictments arose out of these transactions. The order consolidating the trial of the indictments was proper, and the evidence sustains the conviction.

Judgment of conviction affirmed.

BREWSTER, J. (dissenting). I am unable to agree to an affirmance of the judgments of conviction.

On March 21, 1945, a Broome County Grand Jury returned separate indictments which accused the defendant as follows: (a) No. 43, of the crimes of grand larceny in the second degree, by two counts charging different larcenies, and (b) No. 44, four separate misdemeanor offenses each charging a violation of section 2211 of the Penal Law. The grand larceny counts were based upon specifications for having obtained money by false pretenses and representations; the second count of this indictment was dismissed at the trial. On the return day of a motion noticed by the district attorney, which was also the day of the beginning of the trial, an order was made consolidating the two indictments, and defendant's trial thereunder thereafter continued to completion. Verdicts of guilty having been rendered as to all counts tried, the defendant was sentenced to a term in a State prison upon the grand larceny conviction and to Onondaga Penitentiary upon the misdemeanor convictions.

The order consolidating the indictments was unauthorized. The statute authorizes such in any, but in no other, of the following instances: (1) Where there are several charges for the *same act or transaction* which constitutes (a) different crimes or (b) the same crime alleged to have been committed in a different manner or by different means; (2) where two or more acts or transactions are charged and they are (a) connected together or (b) constitute parts of a common scheme or plan; (3) where two or more acts or transactions are charged which constitute crimes of the same or similar character. (Code Crim. Pro., § 279.) It seems agreed that the only possible permission for the consolidation in question is either that the several charges were for the *same act or transaction* which constituted the different crimes specified, or that the acts or transactions charged were connected together or constituted parts of a common scheme or plan. The grand larceny counts charged larceny by false pretenses in having obtained money by fraudulently representing, as to one count, that the body of one Osbelt had been buried, and as to the other count, the same as to the body of one Edna Schoolcraft. The other indictment charged four separate misdemeanors, violations of section 2211 of the Penal Law, in having failed within a reasonable time to decently bury or incinerate the aforesaid bodies and also the dead bodies of two other persons. Thus the two indictments charged the defendant with six separate acts, omissions, or transactions, each of which was alleged to constitute a separate crime. Therefore, we do not have a situation where the *same act or transaction* constituted different crimes. The acts or transactions were charged as having occurred at different times and under different circumstances, and I fail to see how any one of said acts, omissions, or transactions had relation to or connection with any of the others and there was no allegation or charge, much less was there proof, that the separate acts or transactions set forth in the two bills constituted "parts of a common scheme or plan".

Further, I consider that the proof was insufficient to establish a prima facie case of grand larceny by false pretenses, and that defendant's motion for a directed verdict of acquittal should have been granted. Defendant's presentation of his full and itemized bill for the funeral and burial of Osbelt was at the express request of his administrator who required it in order to obtain further funds with which to make full payment of the bill. Thus it may not be said that his mere compliance with the administrator's request was in and of itself any evidence of defendant's intent to cheat and defraud. Assuming that by the item upon the bill so furnished, viz., "grave opening, $25.", it represented to the administrator's mind that the body of his intestate had been buried, still the most that can be said as to any false pretense committed by

defendant, was his failure to then and there disclose the fact that final interment had not taken place. "It must be borne in mind that mere silence and mere suppression of the truth, the mere withholding of knowledge upon which another may act, is not sufficient to constitute the crime of false pretenses." (*People* v. *Baker*, 96 N. Y. 340, 348-349.) So defendant's failure to disclose the full facts, his silence, indeed his suppression of the truth regarding the fact of the body's final burial, was not, under the circumstances shown by the People's evidence, sufficient to constitute his actual receipt of funds which but partly paid him for services he had actually rendered, any larceny by false pretense. For aught that appears the amount the administrator paid defendant — the subject matter of the larceny charged — was rightly due him.

The judgments appealed from should be reversed, the order consolidating the indictments vacated, the indictment charging grand larceny in the second degree dismissed, and a new trial ordered as to the remaining indictment.

Hill, P. J., Foster and Lawrence, JJ., concur in decision; Brewster, J., dissents and votes to reverse in a memorandum in which Heffernan, J., concurs.

Judgment of conviction affirmed.