THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CYRIL B. BABB, Defendant.

Court of General Sessions of County of New York, February 1, 1949.

*Frank S. Hogan, District Attorney (Whitman Knapp* of counsel), for plaintiff.

*Harris B. Steinberg* for defendant.

SULLIVAN, J. The defendant moves for a severance of counts 1, 2 and 3 of the indictment filed against him, as well as for a bill of particulars.

The first count of the indictment charges the defendant with having committed the crime of manslaughter in the first degree on the 1st day of December, 1948, in connection with an abortion it is claimed he committed on the complaining witness. The indictment was returned in December of 1948. It is claimed that as a result of the abortion upon the complaining witness, she died on the 2d day of December, 1948.

The second count of the indictment refers to the same abortion committed on the same complaining witness on the 1st day of December, 1948, and the third count of the indictment likewise refers to the same abortion committed at the same time upon the same person.

The fourth count of the indictment charges that on the 29th day of November, 1948, the defendant committed an abortion

on another person. The fifth count of the indictment charges that on the 17th day of November, 1948, the defendant committed an abortion on another person. The sixth count of the indictment charges that on the 3d day of November, 1948, the defendant committed an abortion on another person, all of the last three persons upon whom abortions were committed are all living.

Whilst under section 279 of the Criminal Code a district attorney may file several charges of several acts where they constitute part of a common scheme or plan, or can file several charges of a similar character, and whilst the court has the power to consolidate such indictments, the section provides, however, that where the charge involves two or more acts or transactions constituting crimes of the same or similar character, which are neither connected together nor parts of a common scheme or plan, the court, in the interest of justice and for good cause shown, may in its discretion, order that the separate charges set forth in the indictment or information be tried separately.

It is my view that the rights of the defendant would be prejudiced by trying before one jury the first three counts with the fourth, fifth and sixth counts. The indictment does not allege any plan or scheme, merely the commission of several abortions on different people at different times. In view of the seriousness of the first charge which resulted in the death of the complaining witness, it is my opinion that the rights of this defendant would be prejudiced by having the same jury hear evidence of other alleged abortions. In my opinion, the ends of justice will best be served by ordering the severance of the fourth, fifth and sixth counts from the first three counts of the indictment. If the People have sufficient proof against this defendant on each of these charges, undoubtedly such proof will result in a conviction, but to permit a jury to hear evidence of death and expect them to forget about it in deciding the issues that would be submitted on the last three counts of the indictment, would be expecting them to do something that is pretty hard for the jury to do where the evidence of death is offered. It is my opinion that the rights of the People would not be prejudiced by ordering a severance of the fourth, fifth and sixth counts.

I have examined all of the authorities available on this point and have only found one. (*People* v. *Ackley,* 270 App. Div. 958, affd. 296 N. Y. 731.)

In that case, however, it appears " that all of the indictments arose out of the same transactions ", and there the appeal was

from an order granting a consolidation of a number of indictments found against the defendant who was charged with having absconded with moneys paid to him by relatives and representatives of several persons who died and who left the bodies in the basement of the building he occupied. This authority is not controlling as the evidence on all counts would be the same.

I believe, therefore, that the defendant has made a case warranting this court to exercise its discretion in ordering a severance of the indictment. The first branch of the motion, therefore, of a severance of counts 1, 2 and 3 from the remaining counts is granted.

As to the motion for a bill of particulars: I will grant 2a to the extent of the street address of the building. Item B will be granted to the extent of designating the floor of the building of defendant's office, and otherwise denied. Item C denied. Items D and E denied.