Irwin D. Davidson, J.
The defendant on this motion seeks (1) an order permitting an inspection of the Grand Jury minutes or, in the alternative, a dismissal of the indictment; (2) an order severing counts 3d, 4th and 5th from the remaining counts of the indictment; (3) an order directing the District Attorney to furnish him with a copy of the statement voluntarily made by the defendant; (4) a copy of the Medical Examiner’s report respecting the death of Alfred E. McLane; and (5) a bill of particulars.
The defendant is charged with criminal negligence in the operation of a motor vehicle resulting in death. Included in separate counts in the indictment are three counts charging leaving the scene of an accident without reporting, in addition to counts charging reckless driving and assault in the third degree.
These applications will be considered seriatim.
The court, having read the Grand Jury minutes, finds that the evidence before the Grand Jury is such that if it were unexplained or uncontradicted, a conviction by a trial jury would be warranted. Defendant’s application to inspect the Grand Jury minutes or for a dismissal of the indictment is denied.
The defendant seeks to sever the three counts which charge leaving the scene of an accident without reporting, from the counts which charge the motor vehicle homicide, assault and reckless driving. Under section 279 of the Code of Criminal Procedure it is proper to include in one indictment, in separate counts, all of the crimes allegedly flowing from one transaction or occurrence (People v. Wilson, 151 N. Y. 403). That is precisely what has been done in the instant case. Under the circumstances, there is no improper joinder of counts, and there *1000 should be no severance. In fact, it is proper to consolidate for trial indictments separately found which arose out of the same transactions (People v. Ackley, 270 App. Div. 958, affd. 296 N. Y. 731).
The defendant urges, however, that the trial of the counts charging leaving the scene of an accident without reporting should not be tried with the counts alleging criminal negligence resulting in death, since to do so would work substantial prejudice and irreparable injury to him. This argument is not legally valid. All of the counts charged in this indictment flow from a single occurrence.
In People v. Jack (10 A D 2d 336, 340) the Appellate Division held that where an indictment contains counts that are connected together, the trial court is powerless to sever the counts and order separate trials. The court stated: “ The granted power under that section (Code Crim. Pro., § 279) is a discretionary one ‘ in the interest of justice and for good cause shown ’ to sever a multiple-count indictment; but such discretion to act is withheld by the further provisions of the same section excepting from the grant of power to sever counts that are either connected together or parts of a common scheme or plan.” Under this ruling, the court lacks the power to sever a multiple count indictment which charges several crimes all of which arose out of one occurrence.
The defendant moves to obtain a copy of the statement which the defendant voluntarily gave to the District Attorney on March 16, 1960. This request is denied. A defendant is not entitled to a pretrial inspection of a statement made by him to the police or the prosecuting authorities (People ex rel. Lemmon v. Supreme Court, 245 N. Y. 24; People v. Jordan, 128 N. Y. S. 2d 457).
Defendant’s request for a copy of the report of the Medical Examiner with respect to the cause of death of Alfred E. McLane is denied. Nothing in the defendant’s papers indicates that any issue will be made at the trial respecting the cause of death of the victim of the homicide. For the court to exercise its discretion and grant an inspection of the Medical Examiner’s report, as was done in People v. Preston (13 Misc 2d 802), a showing must be made that there is an issue respecting the cause of death. This the defendant has failed to do.
The defendant has requested a detailed bill of particulars. A defendant is entitled to only such particulars as may be necessary to give him reasonable information as to the nature and character of the crime charged in order to prepare his defense and in order to avoid the possibility of a second indict *1001 ment for the same offense (People v. Helmer, 154 N. Y. 596; People v. Farson, 244 N. Y. 413). In the main, defendant’s request for a "bill of particulars seeks evidenciary matter which, if allowed, would involve the disclosure of the People’s evidence in advance of trial. That is improper (People v. Florence, 146 Misc. 152; People v. Jordan, 128 N. Y. S. 2d 457).
Count 1 of the indictment charges that the defendant operated a motor vehicle in a reckless and culpably negligent manner while under the influence of liquor at an excessive rate of speed and violated traffic rules and regulations so as to collide with another vehicle and thereby cause the death of Alfred E. McLane. This count is legally sufficient. However, under the circumstances, the defendant should be informed which traffic rules and regulations he allegedly violated. The District Attorney will set that forth in a bill of particulars. Except as herein granted, the defendant’s motion is in all respects denied.