Michael Catalano, J.
Defendant seeks an order severing the second count, “ Arson in the First Degree,” of the indictment, alleging that she, on March 20,1962, in Lockport, New York, in the nighttime willfully set on fire the dwelling house of Joseph Palia while a human being was present, from the first count, “ Murder in the First Degree,” alleging his killing during the commission of arson in the first degree at the same time and place.
Section 279 of the Code of Criminal Procedure entitled, “ Charging crime in separate counts and consolidating indictments and informations,” provides, in part: ‘1 When there are several charges for the same act or transaction, constituting different crimes or the same crime alleged to have been committed in a different manner or by different means * * * the whole may be joined in one indictment or information in separate counts * * * provided, however, that where the charges involve two or more acts or transactions constituting crimes of the same or a similar character which are neither connected together or parts of a common scheme or plan, the court, in the interest of justice and for good cause shown, may, in its discretion, order that the different charges set forth, in the indictment or information or indictments or informations be tried separately. The joinder or consolidation of indictments *312 or informations shall not be prevented by the fact that different penalties may be imposed for conviction upon the several crimes charged. ’ ’
Section 279, in part, covers a single act or transaction, which constitutes different crimes, separately stated in different counts, connecting the defendant therewith. (People v. Wilson, 151 N. Y. 403, 408, 410; see, also, People v. Young, 207 N. Y. 522, 532; People v. Snyder, 241 N. Y. 81, 84; People v. Cox, 24 Misc 2d 998, 999.) An indictment may plead such counts, especially where doubt exists as to the ultimate, provable facts. (People ex rel. Prince v. Brophy, 273 N. Y. 90, 98.) After all evidentiary facts are disclosed at the trial, it then becomes the duty of the court either to submit the counts to the jury or withdraw them from its consideration. (People v. Mussenden, 284 App. Div. 479, 481, affd. 308 N. Y. 558.) “ Where several offenses would he proved by substantially the same evidence connected with a single line of conduct growing out of what is essentially one transaction, it would appear that it is proper to join in the same indictment under separate counts two separate offenses, even though they constitute different crimes in degree and punishable by different means.” (People v. Beyer, 163 Misc. 890, 893.)
Where the counts in an indictment charge crimes arising out of a single act or transaction, the court has no power to sever and to direct separate trials; the court has discretion to sever in the interest of justice and for good cause shown only where the charges involve two or more acts or transactions. (People v. Jack, 10 A D 2d 336, 340, affd. 8 N Y 2d 857; see, also, People v. Ackley, 270 App. Div. 958, affd. 296 N. Y. 731, same case 330 U. S. 846; distinguish People v. Babb, 194 Misc. 5, 6.)
Here, the two counts arise out of one transaction, therefore, the court has no power to sever. Motion denied, without costs.