John J. Walsh, J.
The defendant, by an indictment presented and filed October 8,1962, was indicted on a first count of murder in the second degree of one Josephine Betts, and on a second count for assault in the first degree on one Audrey White. The indictment alleges the two crimes were committed on the same day.
On October 9,1962, before entering a plea, the defendant filed a written demurrer:
*769 1. That the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure.
2. That more than one crime is charged in the indictment within the meaning of sections 278 or 279 of the Code of Criminal Procedure.
3. That the indictment contains matter which, if true, would constitute a legal justification or excuse for the acts charged, or other legal bar to the prosecution.
On the argument of the demurrer, the defendant relied on its second contention, that more than one crime is charged in the indictment.
Section 278 of the Code of Criminal Procedure provides: “ The indictment must charge but one crime and in one form except as in the next section provided.”
Section 279 of the code then proceeds to provide certain exceptions to the prohibition contained in section 278: “ When there are several charges for the same act or transaction, constituting different crimes or the same crime alleged to have been committed in a different manner or by different means, or for two or more acts or transactions connected together or constituting parts of a common scheme or plan, or for two or more acts or transactions constituting crimes of the same or a similar character, instead of having several indictments or informations, the whole may be joined in one indictment or information in separate counts, and if two or more indictments or informations are found in such cases, the court may order them to be consolidated; provided, however, that where the charges involve two or more acts or transactions constituting crimes of the same or a similar character which are neither connected together nor parts of a common scheme or plan, the court, in the interest of justice and for good cause shown, may, in its discretion, order that the different charges set forth in the indictment or information or indictments or informations, be tried separately. The joinder or consolidation of indictments or informations shall not be prevented by the fact that different penalties may be imposed for conviction upon the several crimes charged.”
The defendant specifically demurs to the second count of the indictment charging assault in the first degree on the ground that the defendant by demurring to the entire indictment, may demur to any count of the indictment. She claims that the court may then sustain the demurrer to the second count and order it to be resubmitted to the Grand Jury for a new indictment. (People v. Nerone, 32 Misc 2d 536, 538-539.) She specifically *770 declines to move for a severance of trial of the two counts, at this time. The logic of such procedure escapes this court’s attention, unless it is on the ground that a new Grand Jury might not reindict the defendant.
The grounds urged by the defendant for invalidating the indictment are:
1. The indictment does not allege that the two crimes charged constituted part of a common scheme or plan within the provisions of section 279 of the Code of Criminal Procedure.
2. The second count charges a crime against a different person than the person in the first count.
3. There is no allegation that the second count is the same act or transaction as the first count, within the provisions of section 279.
4. The second count is demurrable solely because of its duplicity.
The mere fact that the two crimes charged were allegedly perpetrated against different persons on the same day cannot per se invalidate the indictment.
The more serious question raised which requires consideration is that the indictment on its face does not contain an allegation showing any connection between the two counts, except a similarity of date and a common defendant. “ Only the indictment may guide ’ ’ in determining the validity of the demurrer. (People ex rel Maurer v. Jackson, 2 N Y 2d 259, 265.) The District Attorney argues that both alleged crimes are part of the res geatre; that both crimes occurred at the same time and as part of the same transaction and that in such factual situation, there is a proper joinder under section 279 of the code.
Defendant points to a series of recent cases which she urges show the development of the principle that the indictment must show or allege therein a similar character or connection between the crimes or an allegation that they constitute parts of a common scheme or plan.
The defendant cites People v. Pepin (6 A D 2d 992 [4th Dept.]). In that case, the indictment charged the defendants Pepin and Cook with an alleged robbery of a Mary Martin on July 18,1956 and a separate count charging the defendant Cook with a different robbery of a Benjamin Beck on August 8, 1956. (See Becord on Appeal.) The lower court denied a motion for severance and the appellate court said: “ [T]his constituted an abuse of discretion. Under the circumstances of this case, the motion for a severance should have been granted, in the exercise of discretion, upon the ground that the joinder was prejudicial to the interests of the defendant-appellant,”
*771 The indictment and the facts in the Pepin case demonstrate the correctness of the appellate court’s holding. Pepin was prejudiced by the inclusion of the Cook count in which Pepin was not a defendant.
The defendant then relies strongly upon People v. Namolik (8 A D 2d 685 [4th Dept.]). In that case, the court said: <£ The indictment charged, among others, three crimes which were wholly unrelated, which were not of the same or a similar character and which were not connected together or alleged to constitute parts of a common scheme or plan. * * * The joinder of the three charges was improper as a matter of law; it was not authorized even by the liberal provisions of section 279 of the Code of Criminal Procedure * * # If a timely demurrer had been filed, the court would have been required to sustain it ”. (Emphasis supplied.)
The memorandum of the court indicates that there were three counts (1) the theft of a car on which defendant was acquitted by the jury (2) a separate burglary and (3) a separate theft from a locker. The absence of a printed record on appeal prevents further study but it would seem that perhaps different times or locations might have been involved.
The defendant then argues that the judicial tenor of the Namolik case finds support in the case of People v. Fringo (13 A D 2d 887) wherein the court sustained a demurrer to an indictment which charged a count of possession of obscene prints and another of possession of fireworks. In this case, the court said: £< The joinder in the same indictment of the two entirely unrelated crimes * * * not pleaded to have been part of a common scheme or plan * * * is improper and in violation of section 279 of the Code of Criminal Procedure. (People v. Namolik, 8 A D 2d 685 [4th Dept., 1959].) ”
While these cases are persuasive for the defendant, this court feels that it is bound by the holding in the case of People v. Colligan (9 N Y 2d 900, affg. 12 A D 2d 449). The record on appeal in that case indicates that this very question was decided adversely to the proposition that the indictment must spell out a connection or a common scheme. The defendant Colligan was indicted with another one on a three-count indictment which charged that on the same day, December 9, 1957, the defendants committed three separate crimes in different locations in a four-story residential building in Hew York City. Joseph Peters was robbed in his room on the third floor; William Hunter was separately robbed in his room on the fourth floor; and the deceased John Reiser was found gagged and strangled separately in the basement. It would thus appear that the only items of *772 similarity between the crimes were a common defendant, a common day and a basic intent to rob. In all other respects, the counts differed as to location, time and victim.
Prior to the trial, defendant Colligan moved, among other things, for a dismissal of the indictment. Judge Carney denied this motion with a memorandum, in which he wrote: “ It is my opinion that the joinder is proper under Sec. 279 of the Code of Criminal Procedure. Accordingly, the motion to dismiss the indictment must also be denied.”
Thereafter, the defendant asked permission to withdraw his not guilty plea, and when permission was granted, duly demurred to the indictment on the same ground before Judge Schweitzer who disallowed the demurrer “after due deliberation” but without opinion. Exception was noted and the matter was presented on appeal from the judgment of conviction.
On appeal, the defendant contended that while different or disparate crimes can be joined in the same indictment under section 279 of the code, it may do so only where the Grand Jury states in the indictment that the crimes were connected or parts of a common plan or scheme.
In view of the fact that the Court of Appeals did not accept the argument of the defendant Colligan, it would appear that the opinions cited by the defendant are each distinguishable on their facts. Some of the other decisions cited by the defendant appear to antedate chapter 328 of the Laws of 1936, section 279 of the code which liberalized the joinder in one indictment of more than one crime and permitted the joinder of “ two or more acts or transactions connected together or constituting parts of a common scheme or plan, or for two or more acts or transactions constituting crimes of the same or similar character, instead of having several indictments ”.
The similarity between the crime of homicide and of assault in the first degree in the instant case is so striking that the inference that they were connected together or parts of a common scheme is well nigh inescapable. (People v. Luciano, 277 N. Y. 348, 362 [1938].)
The demurrer is disallowed.