John- J. Walsh, J.
The defendant has been indicted under a two-count indictment charging her with murder in the second degree on one Josephine Betts and with assault in the first degree on one Audrey White, both crimes being committed on the same day, September 2, 1962. (36 Misc 2d 768.)
*492 The defendant moves for a severance of the two counts for the purpose of trial She argues that the indictment contains no allegation that the second count is in any way connected with the act or transaction upon which the first count is based. Nor does it allege that the acts joined in the indictment constitute parts of a common scheme or plan.
Defendant further contends that she will be prejudiced during the trial because of the fact that the defenses available to the defendant are so different in each count that the jury would be confused thereby.
Defendant relies upon section 279 of the Code of Criminal Procedure to the effect that: ‘ ‘ where the charges involve two or more acts or transactions constituting crimes of the same or a similar character which are neither connected together nor parts of a common scheme or plan, the court, in the interest of justice and for good cause shown, may, in its discretion, order that the different charges set forth in the indictment or information or indictments or informations, be tried separately.”
The defendant cites People v. Babb (194 Misc. 5) and People v. King (53 N. Y. S. 2d 894).
The People contend that while there are two different crimes charged involving two different victims, that although there is no allegation to such effect, that the said acts are related in that they occurred at the same time, only seconds apart and at the same general location and that testimonially it is virtually impossible to separate the proof in each instance. The witnesses for the People will be the same as to both alleged crimes.
While at first glance it would seem that this presents a question of sound discretion by the court as to a severance, the appellate courts have indicated a contrary view.
In People v. Jack (10 A D 2d 336, affd. 8 N Y 2d 857) the Appellate Division held that where acts are connected together and are not unrelated crimes, the court has no power to direct a severance under section 279.
In People v. Cox (24 Misc 2d 998, 1000 [I960]) the court followed the Jack case by saying: “ In People v. Jack (10 A D 2d 336, 340) the Appellate Division held that where an indictment contains counts that are connected together, the trial court is powerless to sever the counts and order separate trials. The court stated: ‘ The granted power under that section (Code Crim. Pro., § 279) is a discretionary one “ in the interest of justice and for good cause shown ” to sever a multiple-count indictment; but such discretion to act is withheld by the further provisions of the same section excepting from the grant of power to sever counts that are either connected together or parts of a *493 common scheme or plan. ’ Under this ruling, the court lacks the power to severe a multiple count indictment which charges several crimes all of which arose out of one occurrence.”
The cases cited by defendant are each distinguishable on the facts. In the King case (supra) the counts which were severed involved similar crimes committed against another victim two months later.
In the Babb case (supra) the severed counts likewise involved similar crimes against other persons on various other dates ranging from several days to several weeks.
In reply to defendants contention that the jury might experience difficulties in considering two different crimes, in People v. Hayner (198 Misc. 101, 103) the court said: “ The defendant argues that the rules of law which apply to the proof necessary to convict for incest differ from those which apply in a rape ease and that a jury, untrained in the legal distinctions, would be unable to render justice. However, it cannot be assumed that the charge to the jury concerning the elements of proof necessary to convict for each crime will not be adequate or that the jury will not apply it.”
The motion for severance is denied.