Raymond E. Aldrich, Jr., J.
Two separate proceedings have been brought by Gilmour R. Olsen, an investigator with the New York State Police, against John Turner, a 15-year-old juvenile, charging him in the first proceeding with causing the death of his mother by shooting on March 7, 1968, knowingly and intentionally, and in the second proceeding, with the death of his maternal grandmother at the same time by the same means. The language of the petitions in describing each homicide is identical except for the name and age of the victim. *455 Petitioner now makes a motion, by order to show cause dated April 3,1968, that both proceedings be consolidated so as to be heard and tried together. Respondent, through his Law Guardian, and in the presence of his father, in court, has joined in the motion.
The Family Court Act makes no specific reference to consolidation of separate proceedings. By the same token, the language of the act makes no prohibition against consolidation, and none is suggested in any of the numerous provisions outlining the procedural steps to be taken in a proceeding against a juvenile who does an act, which if done by an adult, would constitute a crime.
The Family Court Act does provide that where the method of procedure is not prescribed, the provisions of the CPLR shall govern, and it must be conceded without dispute that CPLR 602 does permit consolidation where common questions of law and fact are involved, and joint trials of separate actions under such circumstances are not only encouraged but mandated.
Petitioner cites section 279 of the Code of Criminal Procedure in support of his contention that the two proceedings be consolidated. While that section of the Criminal Law does provide for joint trial of separate indictments under certain circumstances, we must remember that all of the provisions of the Code of Criminal Procedure are not controlling and do not apply to proceedings under the Family Court Act. While certain provisions of the Code of Criminal Procedure relative to arrest are made applicable to the Family Court Act by sections 721 and 722 thereof, such is not the case with section 279 of the Code of Criminal Procedure. The rationale of section 279 of the Code of Criminal Procedure need not be ignored by the Family Court, however, and in similar situations may well be accepted as a mode of procedural due process.
Petitioner pleads, and the respondent joins him, that the acts constituting the crimes are of the same or similar character, that all of the facts set forth in both petitions describing the time, place of occurrence, method of shooting and killing, are the same, and that the evidence, as well as the witnesses who would testify in both proceedings, whether for the prosecution or defense, would be the same. This court must assume at this time that counsel for both the petitioner and the respondent have become aware of the facts surrounding the charges, have conferred with witnesses, formulated a theory of prosecution or defense as the case may be, and both counsel therefore have concurred in the merits of consolidation.
*456 The motion papers and argument of counsel persuade this court to believe that the two crimes alleged in the two proceedings are crimes of a similar character and nature, and both certainly charge a violation, if done by an adult, of the same section of the Penal Law.
From what is presented on this motion, the court cannot conclude that the alleged acts of the respondent in the two proceedings are so separate and distinct and unrelated to each other that the evidence in one would have no bearing on the evidence in the other. The similarity between the allegations of the two petitions involved is so striking that the inference that the evidence in one would be involved and introduced in the other is well nigh inescapable. (People v. Luciano, 277 N. Y. 348; People v. Gibbs, 36 Misc 2d 768.)
The basic question to be decided is whether consolidation will or will not prejudice the respondent and deprive him of any of his constitutional rights guaranteed him under the law of our land. All counsel urge the court to grant the motion, and frankly, the court is strained to foresee what prejudice could ensue if the proceedings were consolidated. Our legislative enactments, both Federal and in the States, have permitted joinder of independent crimes of the same class or similar nature without embarrassing or confounding the defendant in his defense. (People ex rel. Pincus v. Adams, 274 N. Y. 447; People v. Gibbs, supra.)
Upon the record before this court no prejudice against the respondent can be seen and none of his rights would appear to be violated upon consolidation.
This court is! of the opinion that the joinder of these two proceedings is proper, under the circumstances, and not prejudicial to the respondent, and accordingly, the motion is granted.