Reginald S. Oliver, J.
The above defendant was indicted by the September, 1970 Wayne County Grand Jury on two counts, the first alleging forgery in the second degree committed on or about June 19, 1970 in regard to a check in the amount of $115 drawn on the Marine Midland Trust Company of Rochester, and the second count accusing the defendant of the crime of petit larceny committed on the .same date, alleging the theft of $115 of United States currency from the Marine Midland Trust Company.
The defendant filed a demurrer to the above indictment on October 21, 1970, alleging that the crimes of forgery in the second degree and petit larceny are not separate charges for the same act or same transaction, nor parts of a common scheme, or crimes of the same or similar character, and therefore not pleadable as separate counts on the same indictment.
Section 279 of the Code of Criminal Procedure permits a joinder in one indictment of several charges even though they may constitute different crimes, if the charges of acts are committed together or constitute parts of a common scheme or plan or two or more acts constituting crimes of the .same or a similar character.
The court has studied cases cited by both the District Attorney and the Public Defender and is of the opinion that the demurrer should be dismissed.
It is not necessary where .several crimes are alleged in one indictment that a conspiracy must be charged in the indictment. The acts of the defendant speak for themselves with regard to the connecting together of the separate charges. (People v. Luciano, 277 N. Y. 348, 358.) The acts of the defendant with regard to both counts, being concerned with the indorsement and the cashing of a $300 check, may be proved at trial to constitute the .same act or transaction and a person may be tried in a single trial for a number of crimes of a similar nature or connected together as a part of a commop plan. (People v. Jack, 10 A D 2d 336, 339.)
Reference is also made to the case of People v. Gibbs (36 Misc 2d 768) wherein the joinder in an indictment of a count of murder in the second degree of the decedent and the second count of assault in the second degree against another person was permitted to stand on the basis that the inference was drawn *617 by the court that the crimes of homicide and assault were connected together or parts of a common scheme and the demurrer therein was disallowed.
In view of the above the court disallows the demurrer filed herein.