Raymond E. Aldrich, Jr., J.
The defendant Earl Davis moves in four motions against Indictment No. 101/70, charging him *821 in four counts with having committed the crimes of burglary in the second degree, a class C felony, grand larceny in the third degree, a class E felony, grand larceny in the second degree, a class D. felony, and conspiracy in the second degree, a class E felony, such motions being for
1. an order dismissing the indictment on the ground that the evidence adduced before the Grand Jury was insufficient in law to warrant the finding thereof,
2. an order granting defendant leave to inspect the Grand Jury minutes,
3. an order to strike the second count of the indictment, and
4. an order granting a bill of particulars.
All four motions were submitted at the same time, and the court considers all four at once without preferring one motion to the other so as to consider all the papers submitted, since the motions were not submitted in any particular sequence, and to consider one without the other would be a judicial preference not anticipated by the defendant.
After a review of all four motions, however, the court comes to the conclusion that since the motions above captioned “ 1. ” and “ 2.” are closely related as to the grounds presented for their relief, and their decision could make motions ‘ ‘ 3. ” and ‘ ‘ 4. ” academic, these two motions should first be decided, and furthermore since both motions rest upon the same grounds, namely, that the indictment is founded upon hearsay testimony or the testimony of an accomplice which is not corroborated as required by statute, they will be considered together before consideration of the other motions “ 3.” and ‘ ‘ 4. ”.
The District Attorney in opposition to motions “1.” and “2.” submits the testimony of an accomplice who is under 16 years of age is not subject to the restrictions of section 399 of the Code of Criminal Procedure so as to require corroboration since he cannot be indicted for the same offense as can he his adult fellow principal. Such contention is rejected by this court.
A witness is considered an accomplice when evidence establishes that he criminally participated with the defendant in the commission of the crime charged against the latter. (People v. Kupperschmidt, 237 N. Y. 463 ; People v. Rossi, 11 N Y 2d 379.)
The suggestion of the District Attorney that the testimony of an accomplice under 16 years, who will be prosecuted in Family Court, needs no corroboration in a criminal proceeding founded upon indictment finds no support with this court. To hold that section 399 of the Code of Criminal Procedure is not applicable in such an instance would mean that a lesser degree *822 of proof is required to convict a defendant when his accomplices are juvenile delinquents, than would be required if his accomplices were young adults or adults. Such a holding would be violative of the Federal and State constitutional requirements of the equal protection of the laws.
The question of whether the Code of Criminal Procedure, particularly section 399, applies to Family Court proceedings is not before this court on this motion, although this court knows that certain sections of the Code of Criminal Procedure are before that court by statute, and others are by virtue of due process and the protection of constitutional rights. (Matter of Turner, 56 Misc 2d 454 ; Matter of Lang, 60 Misc 2d 155.)
For the foregoing reasons, this court holds that the testimony of an accomplice must be corroborated by such other evidence as tends to connect the defendant with the commis.sion of the crime (Code Crim. Pro., § 399 ; People v. Gibson, 301 N. Y. 244) regardless of whether the accomplice is under or over the age of 16 years, and this corroboration must be done even in the proceedings before the Grand Jury (People v. Nitzberg, 289 N. Y. 523).
The court has read the minutes of the Grand Jury (People v. Howell, 3 N Y 2d 672) and finds the record upon which the indictment rests devoid of any legal evidence, other than the testimony of two alleged accomplices, tending to connect this defendant with the commission of the crimes charged. (People v. Reddy, 261 N. Y. 479 ; People v. Crum, 272 N. Y. 348 ; People v. Kress, 284 N. Y. 452, People v. Cilento, 2 N Y 2d 55.)
Accordingly, motion No. “1.” to dismiss the indictment is granted, however, the court directs the District Attorney, if he has evidence to corroborate the testimony of the accomplices, to resubmit the matter to the same or another Grand Jury (Code Crim. Pro., § 317) for the issuance of a superseding indictment.
In view of this decision dismissing the indictment with direction to resubmit, motions No. “ 2.”, “ 3.” and “4.” become moot in nature and need not be decided.